Howe, Respondent, vs. Corey, Appellant.

*September 24—November 16, 1920.*

*Automobiles: Invited guests: Liability of driver for negligence: Contributory negligence.*

1. A guest in an automobile who, knowing that the automobile was approaching a railroad track at an excessive rate of speed, failed to remonstrate with defendant, the owner and driver, as to the danger of crossing the track at such speed or to ascertain whether he was keeping a proper lookout, is guilty of contributory negligence barring recovery for injuries received by him. [The question of the liability of a gratuitous carrier to his invited guest in the absence of contributory negligence of the guest, not determined.]

2. Generally a passenger in an automobile is required to use the same care for his safety that a reasonably careful person exercises under the same or similar circumstances, the extent to which he may rely on the driver for his protection against danger depending on the circumstances of the particular case.

Appeal from a judgment of the circuit court for Douglas county: W. R. Foley, Circuit Judge. *Reversed.*

This action was brought by plaintiff to recover damages for injuries alleged to have been inflicted through negligence of the defendant in driving an automobile in which plaintiff was riding.

Plaintiff was injured on December 5, 1917, at about 8 p. m., in a collision between an automobile owned and driven by defendant, in which plaintiff was riding as an invited guest, and a train of cars extending across Belknap street in

the city of Superior. Belknap street is a straight street extending in an easterly and westerly direction for about two miles in the city of Superior. About five blocks from its easterly end it is intersected by the Soo line tracks leading to the Soo line station. Immediately adjacent to the south of the intersection are the yards of the company. The evening of the collision was a clear, cold one, with the thermometer registering around zero. It appears that the automobile lights were in a poor condition and that the windshield was "frosted," of which conditions plaintiff and defendant were apprised; that as they drove on Belknap street plaintiff and defendant refrained from talking together, except casual remarks; that the defendant was keeping no lookout for obstructions, and that the car was being driven at a reckless rate of speed; that the automobile and train collided so violently that the automobile was wedged between the cars with such force that the train had to be broken apart before the automobile could be extricated; that plaintiff was severely injured by the collision. The plaintiff alleges both gross and ordinary negligence on the part of the defendant, and that he (plaintiff) was not guilty of contributory negligence. The defendant denies the negligence and that plaintiff was free from contributory negligence.

By a special verdict the jury found that the defendant was guilty of ordinary negligence and that the plaintiff was not guilty of contributory negligence. Judgment was entered awarding plaintiff damages in the sum of $2,500 and costs, from which judgment defendant appeals.

For the appellant there was a brief by *Pickering & Rieser* of Superior, and oral argument by *R. M. Rieser*.

For the respondent there was a brief by *Dietrich & Dietrich* of Superior, and oral argument by *H. W. Dietrich*.

SIEBECKER, C. J. The question of the liability of a gratuitous carrier to his invited guest is presented and fully discussed in briefs of counsel. It appears that there is

some diversity of opinion expressed in the adjudications on this subject in other jurisdictions and that the question has not heretofore been considered by this court. In the view we take of this case a decision of this question is not necessary for a complete determination of the legal rights of the parties, and we therefore choose not to pass opinion on this question in disposing of the case. We are of the opinion that the record clearly establishes that the plaintiff is not entitled to recover in this case for the reason that it appears as a matter of law that his acts and conduct establish his negligence, which proximately contributed to produce the collision between the automobile and railroad train which caused the injuries and consequent damages he complains of. It is the general rule that a passenger in an automobile is required to use the same care for his safety that a reasonably careful person exercises under the same or similar circumstances. The fact that he has not charge of the automobile as driver does not absolve him from exercising care for his safety, though he is not required to exercise the same care that is required of the driver. The extent to which a guest may rely on the driver for his protection against danger must in a measure depend upon the circumstances of the particular case.

"In general, the primary duty of caring for the safety of the vehicle and its passengers rests upon the driver, and a mere gratuitous passenger should not be found guilty of contributory negligence as a matter of law, unless he in some way actively participates in the negligence of the driver, or is aware either that the driver is incompetent or careless, or unmindful of some danger known to or apparent to the passenger, or that the driver is not taking proper precautions in approaching a place of danger, and, being so aware, fails to warn or admonish the driver or to take proper steps to preserve his own safety." *Carnegie v. G. N. R. Co.* 128 Minn. 14, 150 N. W. 164.

"Ordinarily it is not the province or even proper for a guest to attempt to direct the movements of the driver. The situation may be different when he knows that the

driver is operating the machine in a careless manner, or if he has knowledge of some danger which is not known or obvious to the driver." See cases in Huddy, Automobiles (5th ed.) sec. 690.

Negligence of a guest may be inferred from action or omission to act, speaking or omitting to speak, respecting the duty under all the circumstances. Accepting the hospitality of his friend does not excuse him from the duty of acting for his own safety as a reasonably prudent person would under like circumstances. *White v. Portland G. & C. Co.* 84 Oreg. 643, 165 Pac. 1005; *Brommer v. Pennsylvania R. Co.* 179 Fed. 577, 29 L. R. A. N. s. 924; *Avery v Thompson,* 117 Me. 120, 103 Atl. 4. The plaintiff in the instant case testifies frankly on the subject of the trip in defendant's automobile on the evening in question. He states that he and defendant are intimate friends; that he has ridden with defendant in his car considerably; that on the evening in question they met about 6 o'clock and had some drinks and lunched together until about 8 o'clock, when defendant proposed that plaintiff take a ride with him to show off his new car; that they went to the garage and got into the car and started on their way to Belknap street; that the top was down, that the headlights were somewhat dim; that the windshield became frosted soon after starting, it being a cold winter evening, the thermometer registering about zero or a little lower; that he wore glasses and his eyesight was not good. As to the manner of driving on this trip plaintiff testifies:

"We went up John avenue to Belknap street and turned east on Belknap. A change was made in the speed of the car after we got on Belknap; the speed was gradually increased for a period of two or three blocks up to Hammond, which may be twelve blocks west of the Soo tracks. From there on until the time of the accident I think we kept about steady speed from that time on. I think I can tell from experience what speed we were going. I think he was going at least fifty miles an hour up to the time of the

collision.  I did not observe the train on the Soo track until
we were right on top of it. . . . I think I mentioned to
him about the speed the car was going, that we was going
pretty fast.  I was not watching out for obstructions in the
roadway.  I was taking no part in the operation of the car,
because it was cold and having my head over that way [indi-
cating] to sort of break the wind.  I didn't think there was
any wind apart from what the car made."

On cross-examination the plaintiff stated that he did not
know that the defendant heard him when he spoke to him
about the car going "pretty fast;" that this remark was made
shortly after turning onto Belknap street; that thereafter he
neither said nor did anything about driving so fast.

As to his familiarity with Belknap street and the railroad
crossing, he testifies that he had driven on Belknap street
and knew the Soo track.

"I think I knew just as much about the presence of the
tracks across Belknap street, the use that was made of them,
the night and day switching, and those facts that have been
testified to here, as *Mr. Corey* did.  I think I was just as
familiar with them as he was.  Now as we approached the
Soo line tracks at this tremendous rate of speed it never
occurred to me again to call the danger to *Mr. Corey's* at-
tention or to see that he heard me. . . . As we drove along
Belknap street I kept no lookout myself; making myself as
comfortable as I could, and let *Corey* drive along at a speed
that would suit him.  As we approached the crossing I did
not give it and the probability of a train being there any
consideration at all.  I paid no attention to see whether
*Corey* was watching for it or not."

The facts, circumstances, and conditions thus disclosed
and the other evidence in the case show without dispute that
the plaintiff, to all intents and purposes, acquiesced in the
manner the car was being driven by *Corey* and that he did
nothing to protect himself from the imminent dangers in
approaching the Soo tracks crossing in the manner they
did, and of which he was as fully apprised as *Corey,* nor did
he do anything to ascertain whether or not *Corey* was keep-

ing a lookout for these dangers. To permit *Corey* to proceed in this reckless manner without remonstrance, in the light of plaintiff's knowledge of the probable dangers at the Soo crossing, amounts to acquiescence in *Corey's* conduct and an assumption of the hazards and dangers incident thereto. It is wholly inconsistent with the idea that he exercised such reasonable care as the ordinarily prudent person exercises under like or similar circumstances. There is but one inference permissible to be drawn from the facts shown by the evidence, namely, that plaintiff was guilty of a want of ordinary care on the occasion in question and that such want of care contributed to produce the injury complained of. *Fair v. Union T. Co.* 102 Kan. 611, 171 Pac. 649; *Jefson v. Crosstown St. Ry.* 72 Misc. 103, 129 N. Y. Supp. 233. It is considered that the court erred in not awarding judgment to dismiss plaintiff's complaint.

*By the Court.*—The judgment is reversed, and the cause remanded with direction to dismiss plaintiff's complaint.