Mitchell, Respondent, vs. Raymond and another, Appellants. [Two cases.]

*September 19—November 13, 1923.*

*Automobiles: Invited guests: Degree of care required: Liability of owner for negligence: Collision with another automobile: Injury to guest: Contributory negligence: Contribution as between drivers: Trial: Instructions: Failure to preserve exceptions.*

1. The fact that plaintiff, a fourth occupant of a three-passenger automobile, who was injured in a collision, was riding on a cushion on the lap of another occupant ·and was thereby

brought in rather close proximity to the wind-shield, does not establish contributory negligence on the part of the plaintiff as a matter of law.

2. Sub. 1, sec. 1636—49, Stats. 1921, relating to the right of way which a vehicle approaching an "intersection" from the right has over one approaching from the left, is applicable as well where one highway merely enters another as where it crosses it. See *Bertschy v. Seng, post,* p. 643.

3. In the absence of exception to a portion of an instruction it cannot be considered on appeal.

4. Denial of a requested instruction covered by others given is not error.

5. The negligence of the driver of a vehicle is not, as a matter of law, imputed to an occupant thereof.

6. The owner or driver of a vehicle upon a public highway owes to a gratuitous guest the duty of exercising ordinary care to avoid personal injury, and upon a breach of such duty is liable for resulting damages whether the guest asked for the favor or is invited by the host.

7. A guest upon premises or in the vehicle of another must take such premises or vehicle as he finds them, and the owner is not liable for injuries sustained by the guest provided the owner does not fail to inform or warn of that which must be considered a trap or concealed defect, or by no act of his creates a new danger.

8. In an action by a passenger in an automobile against the driver of another car for injuries sustained in a collision, where the driver of the car in which plaintiff was riding was by motion made a party defendant, and the jury found that the driver of each car had failed to use ordinary care, thus proximately causing the collision, and the court found that neither party was grossly negligent, the driver transporting plaintiff was liable to contribute one half of the judgment secured by plaintiff against the other driver.

APPEALS from two judgments of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Affirmed.*

August 23, 1921, the plaintiff *Jane Mitchell* with several others in an Essex roadster being driven by defendant *George Morey* were riding southwesterly on county highway A. This highway joins with but does not cross state trunk highway 63, which here runs north and south from Eagle River to Rhinelander.

Mitchell v. Raymond, 181 Wis. 591.

The defendant *Mark M. Raymond* with several passengers was driving his seven-passenger Buick automobile north on highway 63. A collision occurred on highway 63 and about opposite the said end of county highway A, and as a result *Mrs. Mitchell* was injured.

An action was commenced by *Mrs. Mitchell* against the defendant *Raymond* for her personal injuries. Another action was brought against him by the plaintiff *M. White Mitchell*, her husband, to recover the damages to him sustained by reason of such injuries to his wife. By consent the two actions were tried together. Upon motion of the defendant *Raymond, George Morey* was also made a defendant. Afterwards these two defendants claimed as against each other the damages done to their respective automobiles. The defendant *Raymond* also asserted a right to contribution against the defendant *Morey* for one half the amount of any judgment that might be obtained against him by the plaintiff.

Upon the trial the following in substance was the special verdict:

1. The defendant *Raymond* failed to use ordinary care.

2. Such failure of *Raymond* was a proximate cause of the collision.

3. The defendant *Morey* failed to use ordinary care.

4. Such failure of *Morey* was a proximate cause of the collision.

5. Plaintiff *Jane Mitchell* did not fail to use ordinary care for her own safety.

6. *Jane Mitchell* sustained $1,500 damages by reason of her injuries.

7. *M. White Mitchell* sustained $500 damages.

8. Defendant *Raymond's* automobile was damaged to the amount of $227.41.

9. The defendant *Morey's* automobile was damaged to the amount of $358.92.

Subsequent to the verdict the trial court made and filed additional findings of fact to the effect that neither of the defendants was guilty of gross negligence proximately contributing to the collision.

After consideration of the motions made by the respective parties after verdict the court determined that, each of the defendants having been found negligent by the verdict of the jury, neither could recover as against the other for the damage done to their respective automobiles. The court also determined and directed entry of judgment in favor of the plaintiff *Jane Mitchell* against the defendant *Raymond* for the sum of $1,500 damages, with costs and disbursements, and directed also that, upon the payment of such amount by the defendant *Raymond* to the plaintiff, then the defendant *Raymond* should have and recover from defendant *George Morey* one half thereof. A similar judgment was directed in favor of the plaintiff *M. White Mitchell* against the defendant *Raymond* for $500 damages, with costs and disbursements, and a similar provision for contribution as to said judgment as in the foregoing.

The defendant *Raymond* appealed from the said judgments so far as they awarded damages against him. The defendant *Morey* appealed from so much thereof as awarded contribution against him in favor of defendant *Raymond*.

*Charles F. Smith, Jr.,* of Rhinelander, for the appellant *Raymond*.

For the appellant *Morey* there was a brief by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher*.

For the respondents there was a brief by *Duffy & McGalloway* of Fond du Lac, and oral argument by *John P. McGalloway*.

ESCHWEILER, J. There is considerable dispute in the testimony of the several witnesses as to the situations surrounding the collision of the two automobiles immediately

prior to the time of the collision. If the testimony of all those who were in the automobile in which *Mrs. Mitchell* was riding was to be taken literally, the *Morey* automobile was under proper control, kept to the right-hand side of the county highway A at the time they entered onto state highway 63, and was on the right-hand side of said highway at the time of the collision, and the entire fault for such accident should properly be placed upon the defendant *Raymond*. On the other hand, under defendant's version and as testified to by other witnesses, including the occupants of his car, defendant's car was approaching the point of collision at a very low rate of speed and was run into by *Morey's* car, running at an excessive rate of speed and cutting the corner formed by the opening of the county highway A and at a point where a high embankment at the southeast corner shut off the view from either highway of approaching vehicles from the other until they were within a very short distance apart.

A very vigorous assault is made on behalf of defendant *Raymond* upon the finding of the jury of his negligence and the approval of such finding by the trial court. We can see no useful purpose served in the discussion of the varying and conflicting details given by the various witnesses as to this transaction, for a consideration of the entire record satisfies us that the jury were warranted in the conclusions at which they necessarily arrived as found embodied in their verdict and approved as it was by the trial court. The facts warrant the conclusions reached by the jury and trial court that the driver of each automobile was driving at an excessive and unreasonable rate of speed and that the negligence of each driver was deemed a proximate cause of the injuries to plaintiff, and we cannot, therefore, disturb such conclusions.

The defendant *Raymond* also contends that *Mrs. Mitchell*, riding as she had been for a considerable distance before reaching highway 63 as the fourth occupant of an automo-

bile with seating facilities that would ordinarily accommodate but three passengers and necessitating her riding seated on a cushion on the lap of another member of her party, being thereby brought in rather close proximity to the windshield of the *Morey* automobile, could not properly be acquitted of contributory negligence as was done by the verdict. On this question also a consideration of the record does not warrant our changing the result in that regard.

The defendant *Raymond* argues that the court improperly instructed the jury as to the right of way at highway intersections of the vehicle approaching from the right under sub. 1, sec. 1636—49, Stats., contending that inasmuch as the county highway A on which the *Morey* automobile was driving merely opened onto and did not stretch across the state highway 63 on which the *Raymond* automobile was driving, there was no such highway "intersection" as made the statutory provision applicable in the case here presented. We find, however, no exception in the record as having been taken to such portion of the instruction and cannot therefore here consider the same. The question, however, is disposed of adversely to such contention by the discussion in the case of *Bertschy v. Seng, post,* p. 643, 195 N. W. 854, decided herewith.

The defendant *Raymond* requested an instruction relative to the weight to be given to certain statements or admissions alleged to have been made by the defendant *Morey* and certain of the occupants in his car immediately after and at the place of collision. We are satisfied, however, that there was no prejudicial error, if any at all, in refusing to give such proposed instruction in view of other language of the charge concerning the consideration that the jury might give to any statements of any witness at any other time and place contrary to those under oath at the trial.

It follows, therefore, that the judgments so far as they award damages to the two plaintiffs against the defendant *Raymond* in the respective actions must be affirmed.

The questions raised by the appeal of the defendant *Morey* are troublesome and vexing and have received a variety of solutions in other courts.

It is a conceded fact that *Mrs. Mitchell* was an invited guest on the trip being made in defendant *Morey's* automobile and she has been found free from any failure to exercise ordinary care for her own safety. The respective drivers of the two automobiles have been each found to have failed to exercise ordinary care and each such failure to be a proximate cause of the accident, and each driver has been found by the court not to have been grossly negligent. Neither *Mrs. Mitchell* nor her husband has asked for damages as against the host, *Morey,* with whom *Mrs. Mitchell* was riding.

The trial court in charging the jury on the question as to whether the defendant *Morey* failed to exercise ordinary care, and, if found to have so failed, whether such was a proximate cause of the injury, used exactly the same language as was used in the similar questions concerning the defendant *Raymond*.

Under this situation we find it necessary to determine two questions:

First, what is the duty of the driver of an automobile while on a public highway towards his invited guest riding with him; and

Second, the injured person not asking for relief in damages as against such host, can such host be required to contribute a proportionate share of any damages that the negligent driver of the other automobile may be compelled to pay to such guest?

Since the holding by this court in *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739, followed in later cases (*Brubaker v. Iowa Co.* 174 Wis. 574, 183 N. W. 690; *Druska v. Western Wis. Tel. Co.* 177 Wis. 621, 189 N. W. 152), that the occupant of a vehicle no longer has imputed to him, as a matter of law, the negligence if any on the part of the

driver of the vehicle, such change in the former rule now requires that the question as to the negligence of such occupant must be determined as a separate and independent one. This was so held and a number of cases cited in *Howe v. Corey*, 172 Wis. 537, 179 N. W. 791; and other cases to the same effect are found in a note in 22 A. L. R. 1294, to the case of *Lambert v. Eastern Mass. St. R. Co.* 240 Mass. 495, 134 N. E. 340.

No legislative expression by statute has been had in this state on the first question before us nor has this court had occasion as yet to expressly pass upon the matter. Some discussion was had of it in *Howe v. Corey*, 172 Wis. 537, 179. N. W. 791, *supra;* and again in *O'Shea v. Lavoy*, 175 Wis. 456, 185 N. W. 525, 20 A. L. R. 1008, and a number of cases were there discussed and the different views by other courts stated, including among others *Massaletti v. Fitzroy*, 228 Mass. 487, 118 N. E. 168, which is regarded as a leading case on the view that more than a want of ordinary care must be shown on the part of the host in order to legally entitle an injured guest to recover (the same ruling being held in later cases: *Flynn v. Lewis*, 231 Mass. 550, 121 N. E. 493; *Bell v. Siegel*, 242 Mass. 380, 382, 136 N. E. 109).

In *Dickerson v. Connecticut Co.* 98 Conn. 87, 118 Atl. 518 (October, 1922), the later cases are reviewed and the rule of the majority of the jurisdictions stated to be as it is accepted by the Connecticut court in its holding, that a driver while operating a vehicle on the public highways owes to his gratuitous guest the duty of using ordinary care to avoid danger or injury to such guest. Though the Connecticut court declines to recognize the distinction so firmly established in this jurisdiction between the three degrees of negligence—slight, ordinary, and gross,—yet such different view on that particular question does not affect the question

here, as the expressions used in that case as to ordinary care coincide with our definition of the same term when used in this jurisdiction.

We therefore now hold in accord with what seems the great weight of authority and as a choice among many rules each of which bristles with difficulties, that as to the gratuitous guest in a vehicle on a public highway the owner or driver of such vehicle owes to such guest the duty of exercising ordinary care to avoid personal injury to him, and for a breach of such duty and consequent injury the host can be held for the resulting damages. Under this rule as now determined, the host who assumes to pilot his vehicle upon the public highways, subject as all such vehicles are to the rules and regulations governing traffic on our crowded present-day thoroughfares, becomes chargeable in such operation and management of his vehicle with the duty of exercising ordinary care to avoid injury to his occupant. This conclusion we are forced to reach even though the rule as thus declared may seem incongruous with the innate and natural spirit of gratitude with which such hospitality should be met. We must also decline to recognize any such possible distinction as is spoken of in several decisions between the guest who asks for the favor and the guest who is first invited by the host.

By the present holding there is no intention to limit or withdraw anything that has been said heretofore in such cases as *Greenfield v. Miller,* 173 Wis. 184, 180 N. W. 834, and *O'Shea v. Lavoy,* 175 Wis. 456, 185 N. W. 525, 20 A. L. R. 1008, or to qualify the rule thereby recognized, namely, that the guest who comes upon the premises or enters into the vehicle of another must take such premises or vehicle as he finds them and as it pleases the owner, in the exercise of his right of dominion over his own property, to maintain the same, provided of course such owner does

not fail in the duty of informing or warning the guest of that which must be considered a trap or concealed defect or by no act of his creates a new danger.

Having thus arrived at the conclusion that under the verdict of the jury there is sufficient upon which a liability could be legally based as against the defendant *Morey* for the injuries to his invited guest for which his want of ordinary care proximately contributed, we feel bound to hold in accordance with the former declaration of this court in *Ellis v. C. & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048, that contribution must be awarded in favor of defendant *Raymond* and against defendant *Morey* as was held by the trial court. In so holding we do not overlook the seeming anomaly in the result of this particular case; that is, that defendant *Raymond* may not recover from defendant *Morey* for the damage found by the jury to have been done to *Raymond's* automobile, any more than he could for injuries to his person, if any such had been sustained and sued for, because *Raymond's* own and contributing negligence at the time of the collision is an absolute bar to his right to so recover, yet he is nevertheless permitted to recover from *Morey* one half of the injury to his, *Raymond's,* pocketbook if he pay the plaintiffs their damages caused by the same joint negligence. Such an anomaly is often the resultant of the application of several rules of law.

It follows, therefore, that the trial court was right in his disposition of these two cases.

*By the Court.*—Judgments affirmed.