GLICK, Respondent, vs. BAER and another, Appellants.

*December 11, 1924—March 10, 1925.*

*Automobiles: Gratuitous guests: Degree of care required: By driver: By guest: Contributory negligence.*

1. The driver of an automobile owes to a gratuitous passenger or guest the exercise of reasonable care for his protection and safety, and a similar duty devolves upon the guest for his own safety. p. 270.
2. The question whether such guest exercised reasonable care for his own safety is ordinarily for the jury and will be resolved as a matter of law only in clear cases. p. 271.
3. In an action by a gratuitous guest against both the driver of an automobile and the owner of a load of wood with which it collided for injuries sustained in the collision, the verdict of the jury to the effect that plaintiff was guilty of contributory negligence is sustained, as under the evidence the jury might properly have reached the conclusion that the plaintiff had failed to maintain the lookout which reasonable care required of him under the circumstances. p. 272.

APPEAL from a judgment of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Reversed.*

This is an action to recover damages for personal injuries resulting from an automobile accident. On the evening of September 14, 1921, the plaintiff, *Glick,* and *David Baer* were traveling from Neillsville to Marshfield in a Ford automobile. The automobile was owned by the defendant *Baer* and driven by him. Plaintiff was the guest of *Baer.* About four and one-half miles from Marshfield they struck a concrete highway. *Baer* increased speed to thirty miles

an hour. Plaintiff remonstrated against the rapid rate of speed and *Baer* reduced the speed some seven or eight miles an hour, only to increase it again to thirty miles an hour, when plaintiff again protested, and *Baer* slowed down again, only to gradually increase it until it again reached about thirty miles an hour. Upon reaching this rate of speed they met an automobile coming in the opposite direction, with bright headlights. Just about this time the plaintiff again appealed to *Baer* to slow down. This time *Baer* did not immediately comply. He dimmed his own lights and maintained a speed of thirty miles an hour. Just as he dimmed his lights the plaintiff discovered a load of wood standing on the right-hand side of the concrete just ahead of them and exclaimed, "For God's sake, stop." Almost immediately the Ford car in which they were riding crashed into the load of wood, causing the plaintiff damage.

This action was brought against *Baer* and the owner of the load of wood. It was tried before a jury, resulting in a verdict finding both defendants negligent and the plaintiff guilty of contributory negligence. The court, concluding that there was no evidence to sustain the finding of contributory negligence, changed the verdict of the jury in that respect and entered judgment for the plaintiff for the amount found by the jury. From that judgment the defendants appealed.

*Henry J. Bendinger* of Milwaukee, for the appellant *Baer,* and *Charles E. Briere* of Wisconsin Rapids, for the appellant *Moen.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

The following opinion was filed January 13, 1925:

OWEN, J. Appellants make no complaint against the verdict of the jury finding them guilty of negligence which proximately contributed to plaintiff's injuries. They assign

as error only the action of the court in changing the verdict of the jury which found the plaintiff guilty of contributory negligence.

The plaintiff and defendant *Baer* were traveling salesmen representing independent houses but covering the same territory. The defendant *Baer* owned an automobile with which he made his territory and, for four years, had invited the plaintiff to ride with him while covering certain territory in northern Michigan and Wisconsin. During such time the plaintiff rode with *Baer,* who furnished the automobile and gasoline, each paying his individual traveling expenses. Plaintiff contributed nothing whatever to *Baer's* expense or to the running expenses of the automobile. He was a gratuitous passenger, a guest of the defendant *Baer*. He was therefore quite familiar with *Baer's* qualifications and practices as a driver. He always regarded him as a careful driver. He never drove at an excessive rate of speed. Upon a few occasions the plaintiff had cautioned *Baer* about driving in traffic, around corners, and had frequently protested against his habit of dimming his lights when meeting cars. These cautions or protests were not frequent or usual and had only been indulged when plaintiff felt that *Baer* was not aware of certain dangers, although there seemed to be a difference of opinion between them as to the policy of dimming lights upon meeting cars.

It is well settled that the driver of an automobile owes to a gratuitous passenger or guest the exercise of reasonable care for the protection and safety of his guest (*Mitchell v. Raymond,* 181 Wis. 591, 195 N. W. 855; *Vogel v. Otto,* 182 Wis. 1, 195 N. W. 859), and a similar duty devolves upon the guest for his own safety. *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791; *Belongy v. K., G. B. & W. R. Co.* 184 Wis. 374, 199 N. W. 384. In the former case the guest was held guilty of contributory negligence as a matter of law, while in the latter case a verdict of the jury finding the

guest guilty of contributory negligence was sustained. It is apparent that in the great majority of cases the question of whether the guest is in the exercise of ordinary care is a jury question. Only in clear cases will this question be resolved as a matter of law. Here the jury found the plaintiff guilty of contributory negligence, and the only question is whether there was any evidence to sustain that finding.

The evidence shows that the automobile in which plaintiff was riding proceeded at a moderate rate of speed until it struck the concrete. Even after that it did not exceed thirty miles an hour. But it seems that plaintiff considered this rate of speed, even on smooth concrete, as dangerous, because he protested at such speed three several times in going a distance of about four miles. However unusual this circumstance may appear to the ordinary automobile rider, it must be accepted as a fact, because positively testified to by the plaintiff. It is not denied by the defendant *Baer*, but it is specifically admitted by him that plaintiff did protest once against the rate of speed at which the defendant *Baer* was driving. The plaintiff, therefore, cannot be held guilty of contributory negligence because he acquiesced in a high or dangerous rate of speed.

The evidence shows that as the speed of the automobile was increased to thirty miles an hour the plaintiff protested, which protests were followed by a reduction of speed. This seems to have been true except upon the occasion of the last protest, which was almost immediately followed by the collision. While the evidence shows that the defendant *Baer* was in the habit of dimming his lights upon meeting cars it does not appear that he ever dimmed his lights when meeting a car while going at a speed of thirty miles an hour, so that it would seem that the evidence along this line does not convict the plaintiff of contributory negligence. There is, however, another class of evidence in the case which justified the verdict of the jury in this respect.

A number of witnesses testified that, when the accident occurred, it was a clear moonlight night, and certain almanacs introduced in evidence disclosed that upon that night the moon was nearly at its full.   The jury might well have found that if the plaintiff, who was sitting in the front seat, had observed the road ahead he would have discovered the load of wood standing on the edge of the concrete and been enabled to warn the defendant *Baer* in time to have avoided the collision.   Evidence was introduced to the effect that an object the size of this load of wood could have been seen a considerable distance ahead.   While this evidence was stricken out by the court for reasons we do not understand, the jury were at liberty to apply their own experience to the situation and reach the conclusion that upon a clear moonlight night, such as the evidence showed the night in question to have been, the plaintiff, by maintaining a lookout, could have discovered the load of wood in time to have avoided the accident, and that because he did not discover the load of wood until they were nearly upon it he did not maintain that lookout which reasonable care required of him under the circumstances.   We hold, therefore, that the trial court was in error in thus disturbing the verdict of the jury, and that judgment should have been for dismissal of the complaint.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on March 10, 1925.