BRYDEN, Respondent, vs. PRIEM, Appellant.
BRYDEN, by guardian *ad litem,* Respondent, vs. SAME,
Appellant.

*May 11—June 21, 1926.*

*Automobiles: Injuries to gratuitous guest: Contributory negligence:
Damages: Permanent scars on face of infant.*

1. A gratuitous guest in an automobile cannot idly sit by, observe and acquiesce in clear violations of law, and hold his host liable in damages in the event of an accident. p. 484.
2. The failure of the guest to protest against a speed of from thirty-five to forty miles an hour for a period of twenty-five seconds is not contributory negligence as a matter of law where the defendant drove the car at a reasonable and lawful rate of speed up to that time. p. 485.
3. An award of $1,500 is *held* not excessive for an injury to a three-year-old boy which resulted in two cuts on his face, leaving permanent scars. p. 485.

APPEAL from judgments of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Schoetz, Williams & Gandrey,* attorneys, and *Arthur G. Bury,* of counsel, and oral argument by *E. L. McIntyre,* all of Milwaukee.

For the respondents there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner.*

OWEN, J. The above entitled actions were brought to recover damages for personal injuries occasioned by an automobile accident. The cases were consolidated for the purposes of trial in the circuit court, were briefed and argued together in this court, and will be disposed of in a single opinion.

It appears that on the 14th day of October, 1923, the defendant invited the plaintiffs to accompany him on an automobile trip from Fairwater to Green Lake. They accepted. The trip from Fairwater to Green Lake was uneventful.

Upon the return trip the Oakland coupé in which they were riding overturned, causing the injuries complained of. It appears that on such return trip the Oakland coupé, driven by the defendant, was followed by a Ford sedan. For about a quarter of a mile immediately before the accident the Oakland coupé was proceeding at a speed of thirty-five or forty miles an hour upon a gravel road about twenty feet in width, on either side of which were dirt shoulders three feet in width. While proceeding at this speed the Ford sedan passed the Oakland coupé. In order to permit the Ford sedan to pass in safety, the defendant turned his car to the right and, because of loose gravel or the slippery clay shoulder, he lost control of the car and it overturned.

It is conceded that the defendant drove the car at a reasonable and lawful rate of speed on the entire trip until within a quarter of a mile of the place where the accident occurred. It is conceded that for a distance of a quarter of a mile prior to the accident the rate of speed was between thirty-five and forty miles an hour. The jury found in each case that the defendant was guilty of negligence and that the plaintiff *D. C. Bryden* did not fail to exercise ordinary care for his own protection at and just previous to the time of the accident proximately contributing to produce his own injuries.

It is contended by appellant that the plaintiff *D. C. Bryden* was guilty of a want of ordinary care in not protesting against the unlawful rate of speed at which defendant was driving. It is well settled that "a gratuitous guest cannot idly sit by, observe clear violations of law, in fact acquiesce in them, and then, in the event of an accident, hold his host liable in damages." *Harding v. Jesse,* 189 Wis. 652, 658, 207 N. W. 706; *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791; *Glick v. Baer,* 186 Wis. 268, 201 N. W. 752. It is claimed that because the plaintiff *D. C. Bryden* did not protest against the unlawful rate of speed at which defendant

was driving during the quarter of a mile just prior to the accident, occupying about twenty-five seconds in time, he is guilty of contributory negligence as a matter of law. This is asking for an extreme, if not absurd, application of the doctrine. In *Glick v. Baer,* 186 Wis. 268, 201 N. W. 752, it was said that whether the guest was in the exercise of ordinary care was generally a jury question. Although the circumstances considered in *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791, and *Harding v. Jesse,* 189 Wis. 652, 207 N. W. 706, were held to constitute contributory negligence as a matter of law, the facts presented in those cases are not comparable to those presented here. We are not prepared to say that acquiescence on the part of an invited guest in speed but slightly in excess of the rate prescribed by law, for a period of twenty-five seconds, constitutes contributory negligence as a matter of law. This disposes of the case of *D. C. Bryden.*

The plaintiff *Clifford Bryden* is an infant, who was slightly over three years of age at the time of the accident. It was not contended that he was guilty of contributory negligence. The only error assigned for a reversal of the judgment in his case is that the damages are excessive. They were assessed at $1,500. The boy sustained two bad cuts on the face, each of which required the taking of four stitches. The resulting scars were plainly visible at the time of the trial. It is contended that there is no proof that the scars are permanent. The record contains no medical testimony either way upon that question. We think, however, medical testimony was unnecessary. That scars of this nature will be permanent is a matter of common knowledge. The permanent disfiguration of one's face is not a light or trifling matter. It constitutes substantial damage. We cannot say that $1,500 was excessive.

*By the Court.*—The judgments appealed from are affirmed.