ZEMLICKA, Respondent, vs. MISSISSIPPI VALLEY PUBLIC
SERVICE COMPANY, Appellant.

*April 8—May 3, 1927.*

*Street railways: Collision with automobile: Excessive speed of
street car: Negligence of driver of automobile not bar to pas-
senger's action: Trial: Misconduct of jury: Conducting tests
with automobile: Harmless error.*

1. In an action to recover for injuries sustained in a collision be-
   tween a street car and an automobile, a finding of the jury
   that the street-car operator was negligent cannot be disturbed
   on appeal, where sustained by testimony, not contrary to the
   physical facts, that the street car was running at a speed of
   over twenty miles an hour, in violation of a city ordinance.
   p. 106.
2. Plaintiff, a passenger in the automobile, is *held* not contribu-
   torily negligent as a matter of law in not protesting or taking,
   other measures to reduce the speed of the automobile, so as
   to avoid getting on the street-car track in making a turn, nor
   in failing to look for the approaching street car.  p. 107.
3. Tests made by the jurors during the trial in turning an auto-
   mobile from one street into another at the place where the
   collision occurred and the discussion of the result of such
   tests in the jury room, constituted grievous misconduct, but
   not sufficient to require a new trial after judgment for plaint-
   iff, the driver's negligence not being imputable to nor avoid-
   able by her.  p. 107.

APPEAL from a judgment of the circuit court for La
Crosse county: R. S. COWIE, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries sustained
in a collision between an automobile and a street car. From
a judgment in favor of the plaintiff defendant appeals.

For the appellant there was a brief by *Geo. H. Gordon,
Law & Gordon* of La Crosse, and oral argument by *Geo. H.
Gordon.*

For the respondent there was a brief by *Higbee & Higbee*
of La Crosse, and oral argument by *E. C. Higbee.*

OWEN, J.   On the evening of November 22, 1925, plaintiff was riding east on Pearl street in the city of La Crosse in an automobile driven by Gustav Korthals.   At the intersection of Pearl and Fourth streets the automobile turned, south on Fourth street.   In making the turn the automobile got onto the street-car track running north and south on Fourth street.   A street car was coming at a high rate of speed from the south.   Before the driver could steer the car off from the street-car track the street car collided with the automobile, causing plaintiff personal injuries.

The jury found that the operator of the street car was guilty of negligence which constituted the proximate cause of the injury, that the plaintiff was not guilty of contributory negligence, and assessed her damages at $3,000.

Appellant contends that there is not sufficient evidence to sustain the finding of the jury that the operator of the street car was guilty of negligence.   Two witnesses testified that the street car was running at a rate of speed in excess of twenty miles per hour, to which rate of speed street cars are limited by an ordinance of the city of La Crosse.   There was testimony that the street car was late and making up time. We cannot say that this testimony was contrary to the physical facts upon which the appellant relies.   It follows that the finding of the jury in this respect cannot be disturbed.

It is further contended that the plaintiff was guilty of contributory negligence.   She was not the driver of the car. There is no evidence in the case that Korthals was driving recklessly prior to the time of reaching the intersection of Pearl and Fourth streets.   Conceding that he was negligent in making the turn onto Fourth street, it is difficult to perceive what the plaintiff could have done to have prevented the negligence.   If he were negligent at all, it was because he did not make a sufficiently short turn to avoid getting on the street-car track.   It may be that he was disabled from mak-

ing the turn so as to avoid getting onto the street-car track, by reason of an excessive rate of speed under the circumstances. However, this could not have been apparent to the plaintiff a sufficient length of time to charge her with contributory negligence if she made no protest or took no other measures of reducing the rate of speed. *Bryden v. Priem,* 190 Wis. 483, 209 N. W. 703. It is claimed that it was her duty to look for approaching street cars. But it is apparent that if the street car was approaching at the rate of speed which the jury found, under the physical situation she could not have discovered the approach of the street car in time to have warned the driver of the danger and prevented the collision. Certainly the contributory negligence of the plaintiff cannot be declared as a matter of law, and the finding of the jury upon that question cannot be disturbed.

Appellant raises a further question in the case which we consider more serious. During the trial ten of the jurors repaired to the scene of the accident and made tests in turning from Pearl street onto Fourth street. It appears that the result of these tests was discussed in the jury room. This constituted grievous misconduct on the part of the jury, and should result in a new trial unless it plainly and affirmatively appears that the result of such tests had no influence upon the verdict of the jury. See *La Valley v. State,* 188 Wis. 68, 205 N. W. 412, where the effect of the misconduct of the jury in a criminal case, as well as the evidence necessary to show that such misconduct did not influence the verdict, is fully discussed. What is said there with reference to the quality of proof necessary to establish the fact that the misconduct of the jury did not influence the verdict is applicable as well to civil cases. It is apparent that the test made by the jurors could have no bearing upon any issuable fact in the case. That test could have a bearing only upon the question whether the driver of the automobile was in the exercise of ordinary care in making the turn. Whether he was or not

could have no effect upon plaintiff's right to recover in this action, as, under the circumstances, his negligence could not be imputed to the plaintiff, and the negligence of the driver, if any, was of such a nature that it could not have been avoided by the plaintiff. It therefore plainly appearing that the misconduct of the jury could have had no influence with the jury in determining the issues submitted to its consideration by the court, the motion for the new trial made by the defendant was properly denied.

*By the Court.*—Judgment affirmed.