KRAUSE, Respondent, vs. HALL, Appellant.

*December 8, 1927—May 8, 1928.*

*Automobiles: Guests: Contributory negligence: Degree of care required: Sufficiency of protest against careless driving: Question for jury: Guest and host not joint adventurers.*

1. A guest riding in an automobile must give some heed to his own safety, and ordinary care requires that he should maintain a proper lookout. p. 569.
2. What constitutes such proper lookout depends upon circumstances; and while the circumstances may be so clear that such failure may be declared as a matter of law, it is generally a jury question. p. 569.

3. A guest in an automobile is not held to the same degree of care in keeping a lookout as is the driver, and one riding in the back seat is held to a less degree of care than one sitting in the front seat.  pp. 569, 570.

4. A finding of the jury that the plaintiff, who was afflicted with asthma and, because of trouble caused by damp air and smoke in the automobile in which she was riding, held her coat collar over her face to protect her lungs, kept a proper lookout, should not be disturbed where the jury might have found that such conduct was that of the ordinary individual under the same or similar circumstances.  p. 570.

5. A guest cannot acquiesce in reckless driving and recover against the host if an injury results therefrom, but under such circumstances he must protest against such driving, and, in the absence of protest, will be guilty of contributory negligence; but it is not the duty of the guest, under all circumstances, where the host persists in reckless driving, to ask to be let out of the car.  pp. 570, 571.

6. Where the guest protested against the host's speedy and reckless driving, it was a question for the jury whether she was contributorily negligent in remaining in the car rather than alighting on the highway miles from home on a dark night.  p. 571.

7. The plaintiff, returning from a roadhouse with her host, with whom she had attended a dance, and who was injured when the automobile collided with a freight train, was not engaged in a joint adventure so that the negligence of the host was imputable to her, the relation of joint adventurers being generally contractual in its nature.  p. 571.

APPEAL from a judgment of the circuit court for Winnebago county: FRED BEGLINGER, Circuit Judge.  *Affirmed.*

Action by plaintiff, *Frances Krause,* against the defendant, *Arthur S. Hall,* to recover damages for personal injuries sustained by her while a guest in his automobile, by reason of his negligence.  From a judgment in favor of the plaintiff the defendant appeals.

Plaintiff had known defendant for about a year prior to the accident.  During such time she had habitually accepted his invitations to accompany him to dances at roadhouses in the vicinity of Oshkosh.  On all such occasions they went in defendant's automobile.  Generally the defendant had liq-

uor with him which they drank. Occasionally the defendant showed the effects of liquor, but he never became drunk so that he did not know what he was doing. On those trips it was not uncommon for the defendant to put his arm around plaintiff, caress her and kiss her, driving the automobile with one hand. She protested against his driving in this manner if he drove fast. If he drove slow she did not have much to say about it.

On December 2, 1924, they went to a dance at the Rainbow Gardens, near Appleton. Upon arriving there they danced and had something to eat. They also had three or four drinks of gin, furnished by the defendant, during the time they were there, from 10 o'clock p. m. to 2 o'clock a. m. On the way back he drove with one hand, putting one arm around her, hugging and kissing her on the way. He drove very fast, from forty-five to fifty-five miles per hour. She protested against the speed at which he was driving, and protested against his driving at such a rate of speed with one arm around her. He disregarded her protests.

About two miles from the city of Oshkosh the tracks of the Chicago & Northwestern Railroad Company cross state highway 15, upon which plaintiff and defendant were driving, and at this point the car in which they were driving crashed into a freight train crossing the highway, causing the plaintiff serious injuries.

The jury returned a special verdict, in which they found the defendant *Hall* negligent just before and while approaching the Northwestern Railroad crossing with respect to the rate of speed at which he was driving, and in his failure to keep a proper lookout, which negligence constituted a proximate cause of the collision. They found no want of ordinary care on the part of the plaintiff. The special verdict also contained this question:

"Question No. 4. Ought a person of ordinary intelligence and prudence, similarly situated, experienced and en-

gaged as was the plaintiff on the return drive from Appleton, on December 3, 1924, and with her knowledge of defendant's condition and previous conduct, reasonably to have anticipated that the defendant would fail to exercise ordinary care in the operation of his car with reference to maintaining a proper speed, driving the same recklessly, or keeping a proper lookout, and to have known and comprehended the dangers reasonably to be apprehended therefrom?"

The jury answered this question No.

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh and *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *John F. Kluwin* and by *Malcolm K. Whyte* of Milwaukee.

For the respondent there was a brief by *Weed & Hollister* of Oshkosh, and oral argument by *R. A. Hollister.*

The following opinion was filed January 10, 1928:

OWEN, J. It is apparent that the collision resulting in plaintiff's injuries occurred because of a failure to keep a proper lookout while driving at an excessive rate of speed. The defendant testified that he discovered the freight train across the highway when he was fifty-five or sixty feet distant, but that he was unable to stop his automobile in time to avoid the collision. Appellant insists that the judgment should be reversed because the plaintiff assumed the risk which resulted in the injury. Her testimony shows that in the trips she made with the defendant it was customary for him to indulge in intoxicating liquor to a certain extent, and that it was not unusual for him to drive the car with one arm around her and caress her on the way. It does not appear that his indulgence in liquor ever so affected him as to disable him from safely driving the car, nor does it appear that he ever drove at such an excessive rate of speed, or that his manner of driving ever threatened an accident. He never drove as fast before as he drove on the trip from Appleton to Oshkosh on the night in question. There is no room in

this instance to conclude that the accident was in any degree
the result of the liquor he drank that night. Neither is there
room to say that the accident resulted from his driving with
one hand. · Although driving at a high rate of speed, there is
no suggestion in the evidence that the car was not properly
guided on the trip. There is room for the contention that
his caressing of the plaintiff interfered with the efficiency of
the lookout which he was enabled to keep, and that she had
reason to expect such inefficiency by reason of her past ex-
perience, and that this was a risk which she assumed. How-
ever, the inefficiency of the lookout alone was not responsible
for the accident. According to his own testimony, he dis-
covered the train when he was fifty-five or sixty feet from
the crossing, and had he been going at an ordinary rate of
speed he well might have stopped the car before the collision.
The jury might well have said that but for the excessive rate
of speed the accident would not have happened; that there
was nothing in her past experience which should have caused
the plaintiff to have anticipated that the defendant would
drive at such a rate of speed, and that therefore she did not
assume the risk when she accepted his invitation. We do not
see how this finding of the jury can be disturbed.

It is next said that the plaintiff was guilty of contributory
negligence because of her failure to keep a proper lookout,
and because she acquiesced in the speed at which the car was
driven. It is well settled that a guest in an automobile
must give some heed to his or her own safety and that ordi-
nary care requires that he or she should maintain a proper
lookout. *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791;
*Belongy v. K., G. B. & W. R. Co.* 184 Wis. 374, 199 N. W.
384; *Glick v. Baer,* 186 Wis. 268, 201 N. W. 752. What
constitutes a proper lookout depends upon circumstances.
While the circumstances may be so clear that a failure to
keep a proper lookout may be declared as a matter of law, it
is generally a jury question. *Glick v. Baer, supra.* A guest

is not held to the same degree of care in this respect that is
required of the driver, and one sitting in the back seat is
held to a less degree of care than one sitting in the front seat.
Just as circumstances may arise which will excuse one from
looking before crossing a railroad track, as in *Shaver v.
Davis,* 175 Wis. 592, 185 N. W. 227, and *Gundlach v. C. &
N. W. R. Co.* 172 Wis. 438, 179 N. W. 577, 985, so may
circumstances excuse a guest or passenger in an automobile
from maintaining a more faithful lookout. It appeared that
plaintiff was afflicted with asthma, which was aggravated by
damp air and by smoke. Between Neenah and Oshkosh her
asthma troubled her because of the damp air and because of
defendant's smoking in the car. This prompted her to hold
the collar of her coat over her face to prevent the damp air
from entering her lungs. This necessarily interfered with
the lookout which she otherwise might have kept. The jury
might well have found her conduct to be that of the ordi-
nary individual under the same or similar circumstances, and
their finding that she was in the exercise of due care in this
respect cannot be disturbed.

The evidence shows that the plaintiff protested a number
of times against the rate of speed at which the defendant
was driving the car, but appellant claims that she did not
protest enough. The law is that a guest cannot acquiesce in
negligent and reckless driving, and recover against the host
if injury results therefrom, and the cases hold that it is the
duty of the guest under such circumstances to protest against
reckless driving, and in the absence of any protest the guest
will be held guilty of contributory negligence. *Harding v.
Jesse,* 189 Wis. 652, 207 N. W. 706. No case has been
found, however, which attempts to define the amount of
protestation necessary to relieve the guest of contributory
negligence as a matter of law. When it is considered that the
guest has no control over the automobile and that it is not
within his or her power to coerce the driver, it is apparent
that all the guest may do is to indicate to the host his or her

displeasure with reference to the manner in which the car is being driven. Under such circumstances the considerate host will respect the feelings of his guest and modify his rate of speed, or other reckless conduct, to conform to the pleasure of his guest. Should the host persist in his reckless driving, the guest may ask to be let out of the car, but that he should do so under all circumstances has never been held his duty as a matter of law, so far as we are advised. Here the plaintiff did protest, not once but several times. She did not ask to be let out of the car, and it was for the jury to say whether her failure in this respect constituted a want of ordinary care on her part. The jury might well have believed that the ordinary person would have taken chances on remaining in the car rather than be let out on a highway many miles from home on a dark night. It seems fairly plain that in every respect the question of plaintiff's contributory negligence was for the jury and that their finding with reference thereto cannot be disturbed.

It is also suggested that plaintiff and defendant were engaged in a joint adventure, and that his negligence was imputable to her. The relation of joint adventurers is generally contractual in its nature. We have been referred to no case in which it has been held to grow out of social relations. In *Brubaker v. Iowa County,* 174 Wis. 574, 183 N. W. 690, it was held that husband and wife on an automobile trip were not joint adventurers. See, also, *Kokesh v. Price,* 136 Minn. 304, 161 N. W. 715, 23 A. L. R. 643, and cases cited in note to be found in L. R. A. 1915 A, 764, under sub-title "Husband and wife."

It is plain that plaintiff and defendant were not joint adventurers in the sense that the negligence of one will be imputed to the other.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on May 8, 1928.