## THE BLUE MOON III.
## EBERHARDT v. EBERHARDT.

District Court, W. D. New York.

Aug. 10, 1932.

Burke & Desmond, of Buffalo, N. Y. (Charles S. Desmond, of Buffalo, N. Y., of counsel), for libelant.

Brown, Ely & Richards, of Buffalo, N. Y. (Laurence E. Coffey and W. Alexander Eldridge, both of Buffalo, N. Y., of counsel), for respondent.

ADLER, District Judge.

This is a suit in admiralty brought by the libelant to recover damages for personal injuries sustained by him in boarding the motorboat Blue Moon III. The motorboat was owned by the respondent, Louis K. Eberhardt, a nephew of the libelant, who had a summer home on Motor Island in the Niagara river, and who used the motorboat for the transportation of himself and guests between the mainland and the island and for other purposes. He employed a caretaker, Brundage, whose duties included caring for and operating the motorboat.

On the day of the accident the libelant went to a dock on the mainland where, by arrangement with his nephew, he was to be met by the motorboat and taken over to the island. The dock was a small one, and another boat was moored at the T-end of the dock, occupying so much of the space that there was not sufficient room for the motorboat to come alongside the end of the dock. The motorboat operated by Brundage came up to the dock at the appointed time and the libelant was waiting for it. Brundage made no attempt to moor the Blue Moon or to bring her alongside any part of the dock so that the passenger space could be entered directly from the dock. He ran the stem of the boat up against the dock and held it in that position. He then told the libelant to board the boat. To get into the cockpit or passenger space the libelant had to step onto the bow deck, take two or three steps, and then step over the windshield into the passenger space. Brundage was sitting back of the wheel behind the windshield. The libel-

ant took two or three steps on the deck, then put one leg over the windshield to get down into the passenger space. Just at this time his other foot slipped on the deck and he was thrown astraddle of the windshield and quite seriously injured.

On the morning of this day, Brundage had simonized the deck of the Blue Moon III, and not having simonizing polish he waxed it with Johnson's floor wax. This made the deck slippery. The deck forward of the windshield curved toward the sides of the boat, and just in front of the windshield it arose on a curve which produced a more pronounced curve toward the sides.

█ It is contended that the recent polishing and waxing of this more curved section of the deck created a particularly dangerous condition at that place which was peculiarly and solely within the knowledge of the operator of the boat. That the failure of the operator to apprise the libelant of this dangerous condition, together with his direction to cross the deck at this point, was negligence attributable to his employer, the owner of the boat. That this negligence was the direct cause of libelant's fall and consequent injuries. I find that Brundage was respondent's employee and was acting within the scope of his employment. The respondent is liable for his negligence, if any, under the doctrine of respondeat superior. Nalli v. Peters, 241 N. Y. 177, 149 N. E. 343.

The duty of a host to his guest and his liability for an injury to his guest is set forth in Higgins v. Mason, 255 N. Y. 104, 174 N. E. 77, 79. In that case the authorities bearing on the subject are considered, and it is stated in the opinion that the guest accepts the vehicle as it is, but that rule is subject to the proviso that "such owner does not fail in the duty of informing or warning the guest of that which must be considered a trap or concealed defect or by no act of his creates a new danger." Citing Mitchell v. Raymond, 181 Wis. 591, 195 N. W. 855. If he should have knowledge that the vehicle was unfit for transportation, he might be liable for recklessly inducing another to enter upon danger. Citing Patnode v. Foote, 153 App. Div. 494, 138 N. Y. S. 221. The opinion further says: "The duty of an owner of premises to a gratuitous licensee has been clearly stated in the Restatement of the Law of Torts, Tentative Draft No. 4, American Law Institute. The owner is liable for injuries to guests caused by a defective condition of the premises only if he 'knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk' and fails to use reasonable care to make the premises safe or 'to warn them of the condition and the risk involved therein.' "

█ In the case at bar Brundage operating the motorboat for his employer brought the boat up to the dock in a manner which required the libelant to step across the deck of the boat to get into the passenger space. He directed the libelant, a man sixty years of age, to board the boat in this manner. He knew that the deck of the boat had recently been waxed and must have known that it was slippery and particularly dangerous to walk upon, especially upon that portion of it directly in front of the windshield which had a steep double curve. It is true that the libelant could see that the deck of the boat was bright and polished, but he could not know that it had just been waxed and that it was on that account unusually slippery. It seems to me that he had a right to assume that there was no unusual condition and that he was taking no unusual risk in stepping over the deck into the passenger space of the boat.

█ My opinion is that a dangerous condition existed which was not discoverable by observation by the libelant and which was within the knowledge of respondent's employee. It was the duty of the employee to give the libelant notice of the danger and to warn him of the slippery condition of the deck and of the risk he was taking in coming aboard the boat in that manner. This the operator of the boat failed to do, but in fact invited the guest to enter upon the dangerous enterprise of boarding the boat by crossing the recently waxed curved portion of the deck. For these reasons I conclude that the defendant's injuries were caused by the negligence of the respondent.

I find that the libelant disbursed between $500 and $600 for physicians, nurses, hospital bill, and medicine. Taking into consideration his loss of time and pain and suffering, I think he is entitled to recover the sum of $2,000. His expenses are included in this sum and are not to be recovered in addition thereto. A decree may be entered accordingly.