SCHINKE, Appellant, v. HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent.

*April 4—May 3, 1960.*

For the appellant the cause was submitted on the brief of *John E. Esler* of Kaukauna.

For the respondent there was a brief by *Hoeffel & Coughlin* of Appleton, and oral argument by *Harry P. Hoeffel*.

CURRIE, J.   The sole issue upon this appeal is whether there is credible evidence to sustain the finding of the jury that the plaintiff guest assumed the risk of her husband's negligent speed.

In order that a guest can be held to have assumed the risk of the host's negligence the evidence must establish these three factors: (1) A hazard or danger inconsistent with the safety of the guest; (2) knowledge and appreciation of the hazard by the guest; and (3) acquiescence or a willingness to proceed in the face of danger. *Knipfer v. Shaw* (1933), 210 Wis. 617, 621, 246 N. W. 328, 247 N. W. 320, and *Ven Rooy v. Farmers Mut. Automobile Ins. Co.* (1958), 5 Wis. (2d) 374, 379, 92 N. W. (2d) 771.

The principal argument advanced in behalf of the plaintiff is that there was lacking any proof of knowledge and appreciation on her part of the particular hazard which caused the accident. Such hazard was the danger of blowout of the tire as a result of the husband's car being driven at an excessive speed. This excessive speed caused the tire to heat, and, because of its construction and condition, it was unable to withstand the pressure generated by such heat. It is pointed out that the plaintiff was a nondriver and was not aware of the quality and condition of the tire and had no appreciation of the hazard of blowout arising from driving the car at an excessive speed.

This argument is answered in the learned trial judge's memorandum opinion upon the motions after verdict as follows:

"It is not necessary for a party, to assume a risk, to know or anticipate the *specific* hazard that eventually operates as the substantial factor in producing the accident. It is sufficient that hazards were presented by defendant's negligence that were, or should have been, known to plaintiff, and that she acquiesced therein." (Emphasis supplied.)

The plaintiff must be assumed to have known that operating an automobile at a speed of from 15 to 28 miles per hour above the maximum speed limit of 65 miles per hour was likely to result in an accident. The fact, that the particular accident which occurred was not one which she

contemplated might result from such excessive speed, does not relieve her from assumption of risk.

The second contention advanced in plaintiff's behalf is that, because she did voice a protest at least four times against her husband's driving so fast, there was no acquiescence on her part. However, these protests occurred between Peshtigo and Green Bay and she had an opportunity at Green Bay to leave the car and refuse to ride farther in it. She also could have demanded that her husband stop the car and let her out. Whether she should have done either of these things presented an issue of fact for the jury. *Krause v. Hall* (1928), 195 Wis. 565, 571, 217 N. W. 290; *Richie v. Chears* (Ky. 1956), 288 S. W. (2d) 660; *Reynolds v. Sullivan* (1953), 330 Mass. 549, 116 N. E. (2d) 128; *Stewart v. Farley* (1954), 364 Mo. 921, 269 S. W. (2d) 896; *Reich v. Evans* (1958), 7 App. Div. (2d) 765, 180 N. Y. Supp. (2d) 159.

The opinion in *Krause v. Hall, supra,* considered the action of the plaintiff guest, in remaining in the car after having futilely protested against the host's negligent speed, as constituting contributory negligence. However, in the later case of *Biersach v. Wechselberg* (1931), 206 Wis. 113, 118, 119, 238 N. W. 905, Mr. Chief Justice ROSENBERRY declared that it was more properly assumption of risk than contributory negligence.

The jury, in finding that the plaintiff had assumed the risk of the negligent speed, may have concluded that, in merely protesting and doing nothing more, the plaintiff had acquiesced in such negligent speed. The jury also may have inferred that plaintiff's protests were not as vigorously made as they might have been. A basis for this inference is provided by the following extract from her testimony:

"*Q.* You didn't feel there was much hope of him cutting down, inasmuch as he wanted his nap? *A.* No, I didn't.

"*Q.* You knew he was going to keep on doing that? *A.* Uh-huh."

We deem that there was ample credible evidence to sustain the jury's finding of assumption of risk. Therefore, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.