SCHUENEMANN, Appellant, vs. DIRECTOR GENERAL OF
RAILROADS, Respondent.

*April 13—May 9, 1922.*

*Railroads: Grade crossings: Planking.*

1. Under sec. 1836, Stats. (requiring railroads to restore streets
   upon which tracks may be constructed to their former state
   of usefulness), sec. 1299*h*—1 (requiring them to maintain in
   a safe condition for public travel the portion of a street
   crossing the track), and sec. 1299*h*—9 (prescribing a method
   whereby village boards may place crossings in a safe condi-
   tion at the expense of the railroad), it is not necessary for
   the railroad company to maintain a planked crossing any
   wider than the portion of the highway used by the public for
   the purposes of travel.
2. Where the planked portion of the tracks corresponded with the
   width of the traveled track of the highway, the railroad com-
   pany was not liable for injuries occasioned by an automobile
   which plaintiff was driving upsetting because its steering
   gear broke when its right wheels bumped on the uncovered
   rails beyond the planking, even though the depot grounds
   merged with the highway and travel could at that point get
   too far to the right.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This is an action to recover damages sustained by reason
of the alleged negligence of the defendant to properly main-
tain its grade crossing over a certain highway. The facts
are as follows: Defendant's tracks cross Cottonwood avenue
in the village of Hartland, Waukesha county. Cottonwood
avenue extends in a northerly and southerly direction. De-
fendant's depot grounds are located at the northwest corner
of the intersection of the right of way with Cottonwood
avenue. The depot grounds present a hard and beaten
appearance and merge with the traveled portion of the high-
way.

On the evening in question the plaintiff, with a party of
friends, all of whom were musicians, were driving in a

Ford automobile from place to place in the village of Hartland, visiting saloons and furnishing musical entertainment. About 7:30 in the evening they drove north over this crossing. They returned at about 9:30 in the evening, and in driving over the crossing the car was kept too far to the right so that the right wheels bumped over the unplanked portion of the track, causing the steering gear to break, whereby the plaintiff lost control of the car, permitting it to plunge into a ditch, where it was upset, causing personal injury to the plaintiff.

It is without dispute that the crossing was planked for a distance of sixteen feet and two inches, and that the length of the planked crossing corresponded with the width of the traveled portion of the highway both north and south of the tracks, and that it had remained in substantially the same condition ever since the railroad was constructed, a period upwards of sixty years.

At the close of the evidence the court directed a verdict in favor of the defendant, and from the judgment entered thereon plaintiff brings this appeal.

*William A. Schroeder* and *Horace B. Walmsley,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *H. J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and oral argument by *Mr. Trump.*

OWEN, J.    Sec. 1836, Stats., requires every railroad company to restore every street or highway along or upon which such railroad may be constructed to its former state or to such condition as that its usefulness shall not be materially impaired, and thereafter maintain the same in such condition against any effects in any manner produced by such railroad. By sec. 1299*h*—1 it is provided that the railway company shall at its own expense construct, grade, and maintain in safe condition for public travel the portion of such street or highway extending upon, over, or across the tracks or

right of way of such railway company; and by sec. 1200h—9 it is provided that when ever any railroad company shall fail in its duty in this respect, the village board may by resolution require any such railway company to improve such crossing, as the needs require, upon failure of which the village board may improve the crossing in the manner required and recover the reasonable cost thereof from the railway company. The duty of the railway company is to restore the highway to such condition that its usefulness shall not be materially impaired and thereafter maintain the same in such condition against any effects in any manner produced by such railway company. As the municipality is not required to keep a public highway fit for travel throughout the entire width of the laid-out highway (*Kelley v. Fond du Lac,* 31 Wis. 179; *Rhyner v. Menasha,* 97 Wis. 523, 73 N. W. 41), it is not necessary for the railroad company to maintain a planked crossing throughout its entire width in order to maintain a condition at the crossing that does not materially impair the usefulness of the highway. Obviously there can be no object in planking between the rails outside of that portion of the highway used by the public for the purposes of travel. Of course in a populous city where the entire width of the street is used for the purposes of travel, the railroad company must maintain a safe crossing over the entire portion of the street. This, however, was not the case with Cottonwood avenue. The traveled portion of the highway both north and south of the track was sixteen feet, and the planked portion of the crossing corresponded fully with the traveled portion of the highway both north and south.

It is contended that an unusual situation is presented by the fact that the depot grounds merged with the traveled portion of the highway so that it was an easy matter to get too far to the right. An examination of the photographs introduced in evidence, however, discloses that the approach to the tracks was built up even with the top of the rails only at the planked crossing, and that the rails projected above

the surface at the end of the planking, thereby forming an abrupt shoulder, which constituted a warning to the traveler, if in fact there was any difficulty in seeing from the driver's seat the extent of the planking between the rails. The crossing was illumined by a light upon the depot platform as well as the lights upon the car. The photograph indicates, and the trial judge who viewed the premises stated in passing upon the motion for a directed verdict, that the traveled track was plainly distinguishable from the depot grounds. There seems to have been no excuse whatever for a careful driver to have wandered so far to the right and to encounter the abrupt shoulder presented by the rails rising above the surface of the ground.

More than this, it is practically conceded that the crossing had been maintained in its then condition for a period upwards of sixty years without any complaint on the part of the village authorities or any direction by them to improve the same in any manner. While it is possible the village authorities might acquiesce in a dangerous crossing throughout such a long period of time, it is extremely unlikely that they would do so in view of the fact that a safe condition could be insisted upon without expense to the municipality.

It is true that there was evidence of a desultory nature and questionable admissibility tending to show two or three isolated instances of accidents similar to the one resulting in plaintiff's injuries, but such evidence was of little probative value because of the hearsay character thereof and the entire lack of any evidence as to the manner in which such prior accidents occurred. The trial court not only had before it the evidence in the case, but had the benefit of a view of the premises. His disposition of the case should not be disturbed unless it affirmatively appears that the jury would have been warranted in finding that the defendant had breached its duty in the premises. This does not appear, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.