# CASES DETERMINED

AT THE

# August Term, 1923.

VOGEL, Appellant, vs. OTTO and another, Respondents.

*October 17—November 13, 1923.*

*Automobiles: Unsafe railroad grade crossings: Liability of municipality: Knowledge of defect: Negligence of driver of automobile: Liability to gratuitous guest: Contributory negligence: Question for jury: Trial: Perverse verdict.*

1. Assuming that a railroad grade crossing in a village was not reasonably safe for public travel, it will be presumed that the village had notice thereof, where the crossing had been in substantially the same condition for upwards of a year prior to the time its alleged defective condition caused injury to the plaintiff. p. 4.

2. Whether the failure of the village to maintain a barrier or warning at the crossing constituted negligence is a question for the jury. p. 5.

3. Perverseness of a verdict in regard to the amount of damages sustained is *held* not to affect the portion of the verdict involving the alleged negligence of the defendant village, so as to require the setting aside of the entire verdict. p. 6.

4. Plaintiff, a guest in defendant's automobile, was the sole occupant of the rear seat, and sustained a severe injury when the machine was driven over the exposed rails and planking of a railroad grade crossing. She had no control of the machine, and had no reason to believe that the defendant would make a dangerous turn in the manner in which it was accomplished. *Held,* under the circumstances, as a matter of law, that plaintiff was not guilty of contributory negligence. p. 6.

5. The driver of an automobile owes to his gratuitous guest the duty of exercising "ordinary care," which is that degree of care which an ordinary, prudent person would exercise under like or similar circumstances. p. 6.

6. Where the driver testified he had been over the crossing in question on at least four occasions during the summer in which the accident occurred, and that, without any decrease in speed, and knowing that his lights were shed in such a direction as not to disclose the exposed rails, he turned onto the crossing at an angle, the question as to his negligence was for the jury. p. 7.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed as to one defendant; reversed as to the other.*

This is an appeal from a judgment in favor of the defendants in a personal injury action.

The injury occurred at a railroad crossing which is substantially described in *Schuenemann v. Director General of Railroads,* 177 Wis. 218, 187 N. W. 983. At the crossing of what is known as Cottonwood avenue, a north-and-south highway maintained by the defendant village over the tracks of the railway company, there are two railroad tracks, one used for the company's cars eastward bound and the other for those westward bound. Approaching the railroad crossing from the north and at a distance of about 100 feet, the grade of the highway is about five and seven-tenths feet below the crossing, and from such point there is a gradual ascending grade to the crossing. From the crossing towards the south there is a slight descending grade. The actual crossing is properly planked and graded to the width of about sixteen feet, being the entire width of the traveled portion of the highway at the crossing. Towards the south of the crossing the traveled portion continues at about the same width, but a short distance to the north it widens out to a width of about fifty-seven feet. About 256 feet west of the crossing the company's depot is located, and in close proximity to and north of the west-bound track there is a brick

platform twelve feet in width extending toward the crossing eastward to a point about eighteen feet distant therefrom. To the north of the platform, on the depot grounds, is an east-and-west driveway which on its easterly end merges into Cottonwood avenue. The entire traveled portion of the highway at the time of the accident was oiled. On both sides of the crossing the rails are elevated above the ties about five inches, and the ties protrude somewhat above the bed of the track.

The defendant *Otto,* the owner of a Buick touring car, on July 3, 1920, at about 8 o'clock p. m., drove over this crossing from the south, having with him as guests his wife, his sister, and the plaintiff, his sister-in-law; and after parking his car for some time at the depot, he proceeded in an easterly direction to the end of the aforesaid brick platform, and then turned his machine to the right, intending to drive over the crossing, but the right wheels of his machine failed to reach the planking and crossed over the exposed rails of the west-bound and the north rail of the east-bound track. The bumping of the machine over the rails and planking precipitated the plaintiff, who was the sole occupant of the rear seat, with such violence upon the floor of the tonneau as to cause her to sustain a severe fracture of the hip.

There is an electric arc light on the platform at the depot, and two other arc lights, one 150 feet north and the other 250 feet south of the crossing on the avenue, but the evidence is not clear whether the lights at the time of the accident were burning brightly or dimly.

Plaintiff charged, among other things, that the defendant village was negligent in failing to maintain a warning or barrier near the west end of the crossing, and that the defendant *Otto* was negligent in driving upon the right of way in the manner herein described.

The case was submitted to the jury on a special verdict, in which it was found that the highway was reasonably safe

for public travel; and that the plaintiff was guilty of negligence which proximately contributed to the injury; and that she sustained damages in the sum of $1,000. As to the defendant *Otto* the court granted a nonsuit. Further facts will be found in the opinion.

For the appellant there was a brief by *Samuel M. Field*, attorney, and *Olwell, Durant & Brady* and *H. M. Langer*, of counsel, all of Milwaukee, and oral argument by *Lawrence A. Olwell*.

*W. T. Sullivan* of Milwaukee, for the respondent *Otto*.

For the respondent *Village of Hartland* there was a brief by *Lockney, Lowry & Baird*, attorneys, and *C. A. Dean*, of counsel, all of Waukesha, and oral argument by *J. K. Lowry*.

DOERFLER, J. The crossing, prior to the accident, had been substantially in the same condition for a period of upwards of one year, so that, assuming that the crossing was not reasonably safe, it must be presumed that the village had notice thereof. Plaintiff's counsel contend that the village, in the exercise of ordinary care, should have either maintained a barrier or warning near the northwest corner of the crossing, and that in view of the condition of the crossing and the approach thereto from the north it must be held, under the evidence in the case, that the village was negligent as a matter of law.

In *Schuenemann v. Director General of Railroads,* 177 Wis. 218, 187 N. W. 983, it was held that it was not necessary for the railroad company to maintain a planked crossing any wider than the portion of the highway used by the public for the purposes of travel.

The jury had a view of the premises, and it is undisputed that the condition of the crossing at that time was substantially as it was at the time of the accident. The traveled portion of the highway leading onto the crossing from the north was oiled, indicating to the traveling public the proper

and usual place for travel purposes. The space immediately to the east of the brick platform was not oiled. There were electric arc lights in the vicinity of the crossing, but the effectiveness of the lighting at the crossing, from these lights, was not clearly established by the evidence. The crossing could have been safely reached by the operator of the machine if he had made a proper turn after proceeding beyond the east end of the brick platform. It would appear to us, therefore, that whether or not the village was negligent in the respects complained of raised a proper jury issue.

It is further claimed by plaintiff's counsel that the verdict is perverse, in that the jury assessed the damages in the sum of $1,000, whereas this amount was not sufficient to compensate for the loss of wages and the actual medical and other expenses, to say nothing of the pain and suffering, covering a long period of time, resulting from the injury; and that such perverseness is also expressly made manifest by the answer òf the jury to the question involving plaintiff's alleged contributory negligence. Had all of the questions involving negligence been answered in plaintiff's favor, we would not hesitate to pronounce the verdict perverse on the subject of damages. It has been held in *Lines v. Milwaukee,* 147 Wis. 546, 133 N. W. 592, that:

"Where the answer to one question in a special verdict indicates that the jury were actuated by passion and prejudice in returning such answer, it is the duty of the court to set the verdict aside, unless satisfied that the passion and prejudice affected only that particular question." See, also, *McNamara v. McNamara,* 108 Wis. 613, 84 N. W. 901.

It might also properly be said that the verdict was perverse on the subject of contributory negligence. We have given this charge of perverseness very close attention, and from all the facts and circumstances in the case are of the opinion that the same did not manifest itself in the jury's

answer to the question involving negligence on the part of the defendant village, and that the perverseness of the verdict in the respects above referred to did not affect that portion of the verdict involving the alleged negligence of the defendant village. Plaintiff, at the time the defendant *Otto* started eastward from the depot with the intention of driving over the crossing, was the sole occupant of the rear seat of the automobile. She paid no attention to the driving of the operator of the car or to the highway, and was engrossed in buttoning up her coat so as to shield her from the cold. She had driven over this crossing from the south and knew of its existence. It appears also from the evidence that she had frequently been a passenger in *Otto's* car prior to the accident, and felt reasonable confidence in his ability to properly operate the machine. The turning onto the crossing in the manner in which it was effected was rather sudden and occupied but a very short space of time. It was impossible for her to know exactly the nature of the turn he intended to make. At any rate it does not appear that she had any reason to believe that he would make this dangerous turn in the manner in which it was accomplished. She had no control of the automobile, and under the circumstances we are satisfied that it should be held as a matter of law that she was not guilty of contributory negligence.

Plaintiff also complains of the judgment of nonsuit in favor of the defendant *Otto.* Plaintiff was a gratuitous guest in the automobile of her brother-in-law, and in the operation of his car he owed her the duty of exercising ordinary care, which is that degree of care which an ordinary, prudent person would exercise under like or similar circumstances. See *Mitchell v. Raymond,* 181 Wis. 591, 195 N. W. 855. *Otto* testified that he had been over this identical crossing during the same summer on at least four different occasions; that immediately prior to the accident

he turned onto this crossing at an angle, knowing that his lights were shed in a direction so as not to disclose the exposed rails, and without in any manner decreasing the speed of his automobile. It would therefore appear to us that under such circumstances, in view of the rule of ordinary care now. adopted by this court, the question of the defendant *Otto's* negligence raised a proper question for the jury, and, such being the case, the court erred in granting the motion for nonsuit.

At the time of the trial in the lower court the question involved in this case as to the degree of care which an owner and driver of an automobile must exercise with respect to an invited guest was still an open one in this state, and therefore it is likely that the learned circuit judge applied a different rule when he granted the nonsuit, for which he is in nowise to be criticised.

From the foregoing we conclude that the judgment of the lower court dismissing the complaint as to the defendant village must be affirmed, and that the judgment of nonsuit as to the defendant *Otto* must be reversed.

*By the Court.*—The judgment in favor of the defendant village is affirmed, with costs; and the judgment of nonsuit in favor of the defendant *Otto* is reversed, with costs; and the cause is remanded with directions for further proceedings in accordance with this opinion.