ALFRED FAGGIONI, BY LOUIS FAGGIONI, HIS NEXT FRIEND, AND LOUIS FAGGIONI, PERSONALLY. RESPONDENTS, v. ALEXANDER WEISS, APPELLANT.

Submitted July 9, 1923—Decided November 19, 1923.

The driver of a private vehicle owes no duty to a trespasser or mere licensee thereon, except to abstain from acts willfully injurious; and this rule is applicable not only when such trespasser or licensee is an adult, but also in the case of infants even of tender years. *Danbeck* v. *New Jersey Traction Co.*, 57 *N. J. L.* 463. and *Solomon* v. *Public Service Railway Co.*, 87 *Id.* 284, distinguished.

---

On appeal from the Supreme Court.

For the appellant, *James D. Carpenter, Jr.*

For the respondents, *Thomas Brown.*

The opinion of the court was delivered by

PARKER, J. The infant plaintiff, a boy twelve years old, was severely injured while riding in the appellant's automobile, by a collision between it and another automobile operated by one Schenck, who was joined as a defendant in this suit for damages, the father of the infant plaintiff also suing *per quod.* The trial court left it to the jury to say whether either defendant was, or both were, liable, and the jury absolved Schenck and found a verdict against the present appellant.

The grounds argued for a reversal are that the trial court denied motions to nonsuit, and to direct a verdict for defendant, Weiss, and erred in the charge to the jury. We find it unnecessary to deal with the motions to nonsuit and direct, or with the claim for respondents that argument on these points is barred by consideration of them on a rule to show cause in the court below, as we reach the conclusion that the judgment must be reversed because of error in the charge.

The principal storm centre of the case lay in the question whether plaintiff was in the appellant's car by invitation or was a mere licensee. It was argued at the trial, and is argued here, that even if he was invited, he assumed the risks incident to riding in that car. But it is elementary that the owner and operator of a private conveyance who invites another to ride therein with him is thereby laid under the duty of reasonable care toward his guest; and there consequently can be no assumption by such guest of the specific risk that reasonable care will not be used. *Rodenburg v. Clinton Auto Co.*, 84 *N. J. L.* 545; *affirmed*, 85 *Id.* 729; *Mackenzie v. Oakley*, 94 *Id.* 66. If, then, the young plaintiff was invited, in the legal sense of the word, to ride in defendant's car, the trial judge properly charged that defendant owed him the duty of reasonable care in transporting him so long as that status continued.

There was, however, another theory of the case open for consideration by the jury, viz., that the infant plaintiff was at best a mere licensee in the car, and on that theory it was argued that defendant owed him no duty except to abstain from acts willfully injurious. Such was the situation and such the rule enunciated in the recent Supreme Court case of *Lutvin v. Dopkus*, 94 *N. J. L.* 64, where plaintiffs solicited a ride and defendant simply acceded to their request. In the case at bar, however, though the learned trial judge instructed the jury that under such circumstances no duty of care was owing to an adult, he laid down a different rule with respect to an infant of tender years, evidently meaning the plaintiff. His instruction on this point was as follows:

"The law, when it comes down to persons of tender years,

those who are said to be not *sui juris* may be in some sort of uncertain state in this state, but for the purposes of this case I am going to lay down for your guidance this rule, that where a boy of sufficiently mature years to appreciate what he is doing, and the risks he is running, gets in a car by his own invitation, and without the invitation of the person who carries him, he, like an adult, assumes the risk of whatever happens, short of willful or intentional wrongful act on the part of the driver; but where a boy between the ages of seven and fourteen years gets in a vehicle, even by his own request, and without the formal word of invitation from the driver, there may be an age at which a jury would say that he was not of sufficient years of discretion to appreciate the danger of getting in a vehicle of such character and riding, and that as to which there is an obligation to use reasonable care for his safety, if the driver takes such a person in under such circumstances."

This instruction we deem to be erroneous. Whatever may be the course of decision elsewhere, our own cases have uniformly applied the rule of non-liability except for willful injury to licensees and trespassers, adults and infants alike.

In *Vanderbeck v. Hendry*, 34 *N. J. L.* 467, in the Supreme Court, plaintiff was ten years old, and the court conceded to him the status of a licensee; but it was held that the defendants owed him no duty of care, and (at *p.* 473) the court said:

"The age of the plaintiff could have no bearing except on the question of contributory negligence; and if the defendant had been guilty of any neglect of duty toward him, his tender years might have shielded him from any imputation of carelessness."

In *Turess v. New York, Susquehanna and Western Railroad Co.*, 61 *N. J. L.* 314, a turntable case, the same court followed *Vanderbeck v. Hendry*, and said (at *p.* 320):

"If a child is not to be deemed invited to enter a railroad company's land to play upon a turntable, it also follows that a child in doing so is either a trespasser or is there by mere permission. In neither case is any duty cast upon the land-

owner, except to abstain from willful injury, and from maintaining hidden or concealed dangers."

In *Delaware, Lackawanna and Western Railroad Co.* v. *Reich,* in this court, 61 *N. J. L.* 635, the doctrine of the Vanderbeek and Turess cases was approved and followed, the court remarking that "the suggestion that the duty of protection is cast upon the landowner solely by reason of the inability of the child to care for its own safety, seems to be unsound in principle."

In *Friedman* v. *Snare & Triest Co.,* 71 *N. J. L.* 605, the infant plaintiff was injured while playing on some steel girders on land of Colgate & Company, for whom defendants were excavating under a building contract, within the lines of a street. This court held that she was either a licensee or a trespasser, and that the fact the she "was less than five years of age did not at all tend to give her any property interest or right of user in the defendant's girders. Whether she used them as licensee or as trespasser, in either case there was no duty upon the owner to exercise active care with respect to her safety."

In *Fleckenstein* v. *Atlantic and Pacific Tea Co.,* 91 *N. J. L.* 145, the plaintiff was twelve years of age, and had accompanied a friend into defendant's store with no intent to purchase. He was injured while watching an employe of the store open a box by a fragment of metal striking him in the eye. We held he was a licensee, but that no duty of care was owing to him.

No difference in the rule is perceived in cases of a moving private conveyance.

In *Hoberg* v. *Collins Lavery & Co.,* 80 *N. J. L.* 425, the plaintiff, a boy of nine, was stealing a ride on defendants' truck and the driver cracked his whip at him, causing him to jump, so that he was injured by a passing street car. While the suit was predicated on the claim of willful injury, we affirmed a nonsuit and reiterated the rule that no duty of care was owing even to an infant.

In *Karas* v. *Burns Brothers,* 94 *N. J. L.* 59, plaintiff, a boy of eight, was invited (in the colloquial sense) to ride on

a coal wagon by the driver, and sustained injury. The Supreme Court, in an opinion by Mr. Justice Minturn, held that defendants owed plaintiff no duty of care, because the act of the driver in putting him on the wagon was without the scope of his authority, and consequently imposed no duty of care on the defendants, whatever the duty of the driver may have been. The decision was necessarily based on the proposition that no duty of care on the part of the owners of the wagon was raised by the fact of plaintiff's infancy, so that the legal situation was the same as if the owner had been driving and the boy had climbed on the wagon without objection.

Finally, in *Zampella* v. *Fitzhenry,* 97 *N. J. L.* 517, an essentially similar situation appeared, and the same justice, writing for this court, denied the right of action and affirmed a non-existent duty."

"Nor is it of conequence that the plaintiff occupies the status of an infant, for the defendant being under no duty of responsibility, no right of liability can be predicated upon a non-existence duty."

We hold, therefore, that the driver of a private vehicle owes no duty to a trespasser or mere licensee thereon, except to abstain from acts willfully injurious; and that the fact that such trespasser or licensee is an infant, even of tender years, will make no difference in the application of the rule.

The recent case of *Solomon* v. *Public Service Railway Co.,* 87 *N. J. L.* 284, in this court, and the earlier one of *Danbeck* v. *New Jersey Traction Co.,* 57 *Id.* 463, in this court, are relied on as laying down a contrary rule. But both those cases turned on the point that there was an invitation by the servant operating the public street car, which, while in contravention of his orders, was within the scope of his authority, and gave the plaintiff the status of a passenger. Hence they do not impugn the result we have reached.

The judgment will be reversed, to the end that a *venire de novo* issue.

*For affirmance*—KALISCH, BLACK, JJ.   2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   9.