AGAPITO CASIL *v.* KATSUHEI MURATA AND FUKUGU AGE, A COPARTNERSHIP DOING BUSINESS UNDER THE NAME OF HONOULI-ULI SHOKAI.

No. 1900.

ARGUED SEPTEMBER 19, 1929.　　　　DECIDED OCTOBER 8, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This case is the outcome of an auto-truck accident, the defendants being the owners of the truck, the driver their duly authorized agent, and the plaintiff an occupant under circumstances that made him a nonpaying guest. While being driven at a rate of speed which the trial court, sitting without a jury, held, upon sufficient evidence, to have been excessive and unreasonable, the truck,

when it reached a sharp turn in the road, went off at a tangent and crashed into a large tree which stood four feet outside the edge of the road. The truck was considerably smashed and the plaintiff was seriously injured. The trial court decided that the defendants were liable and that the plaintiff was entitled to damages in the sum of $2500. Judgment was entered accordingly. The defendants are here on exceptions.

The first exception is to the refusal of the court to grant a motion for a nonsuit, made at the conclusion of the plaintiff's case. The ground of the motion was that the plaintiff's evidence showed affirmatively that his right to recover was, as a matter of law, defeated by his own contributory negligence. The testimony relied on to support the motion was that of the plaintiff himself that he knew of the curve ahead and also knew that the truck was going at a higher speed than he had ever traveled before and that he did not ask the driver to slow down, and also the testimony of another witness which tended to show the high speed at which the truck was moving. The trial court found upon the evidence that "the plaintiff was a guest riding in the automobile and, ignorant as to operating automobiles, was not aware of the imminence of danger at the time of the accident." There is no question that these findings of fact are amply supported by the evidence and therefore, under the long established rule, binding on this court. The court also found from these facts that the plaintiff was not guilty of contributory negligence. This finding is likewise binding unless the facts upon which it was based are so conclusive of contributory negligence that there can be no difference of opinion among reasonable minds. This we think is not true. At least it was for the trial court, sitting as a jury, to determine from the facts as it found them whether the plaintiff, under the circumstances, was negligent in not remon-

strating with the driver. The court having decided the issue adversely to the defendants we are not at liberty to disturb its decision unless we are willing to go to the extreme length of saying that the duty of a passenger to protest against the excessive speed of the vehicle in which he is riding is under all circumstances imperative. This, in the absence of a statutory mandate, we are unwilling to do. We are not required by the instant case to decide that under no circumstances is it, as a matter of law, the duty of a passenger to protest against the manner in which the car is being operated. All we mean to decide is that in the instant case, whether the plaintiff was guilty of contributory negligence was clearly a question of fact which it was within the province of the trial court to decide. In doing this we are but following a rule that is firmly established, and which we think is correctly stated in *Curran* v. *Earle C. Anthony, Inc.*, 77 Cal. App. 462, 247 Pac. 236, 239, as follows: "The duty of a passenger to remonstrate against excessive speed or to withdraw from the vehicle, a reasonable opportunity therefor being afforded, is not absolute, the question whether by failing to do either he is wanting in ordinary care being dependent upon the circumstances of the particular case. *Dowd* v. *Atlas T. & A. Service Co.*, 202 P. 870, 187 Cal. 523. While one who knows, or should know, that the driver is carelessly operating the car must use ordinary care for his own safety, and it is incumbent upon him to take proper steps for his own protection, still whether by failing to protest against the course being pursued by the driver, or to leave the vehicle, constituted a want of ordinary care which proximately contributed to his injuries was a question of fact to be submitted to the jury, unless from the evidence but one conclusion might reasonably be drawn." See also *Higgins* v. *Metzger*, 143 Atl. (Vt.) 394.

126

The next contention of the defendants is that the plaintiff, not being a passenger for hire but a gratuitous passenger, they are not liable in the absence of proof that his injuries were caused by the gross negligence of the driver. We cannot agree with this contention. The operator of an automobile may extend to a pedestrian the courtesy of a gratuitous ride or not, as he pleases. If he does so he is not at liberty to operate his car so negligently, whether grossly or less flagrantly, as to injure the recipient of his benefaction. A contractual obligation to another, based upon a pecuniary consideration, is not the only restraint which the law imposes upon the owner of property in its use and management. The ancient and humane maxim *sic utere tuo ut alienum non laedas* has no such limitation. A gratuitous passenger is not a trespasser to whom the driver owes no duty except not to inflict upon him a wanton injury. He is at least a passenger by sufferance and he may not with impunity be negligently injured, whether the negligence is what is sometimes characterized as gross or whether it is what is sometimes characterized as ordinary or simple. We are aware of the conflict of judicial opinion on this question. What we believe to be the majority opinion is that the owner or operator of an automobile owes a duty to a gratuitous guest to exercise reasonable care in its operation and not unreasonably to expose him to danger and injury by increasing the hazards of travel. In support of this view are *Lasley* v. *Crawford,* 228 Ill. App. 590; *Munson* v. *Rupker,* 148 N. E. (Ind.) 169; *Pearson* v. *Lakin,* 127 Atl. (Md.) 387; *Alley* v. *Wall,* 272 S. W. (Mo.) 999; *Faggioni* v. *Weiss,* 99 N. J. L. 157, 122 Atl. 840; *Iannicelli* v. *Benvenga,* 99 N. J. L. 506, 123 Atl. 882; *Rose* v. *Squires,* 128 Atl. (N. J.) 880; *Paiewonsky* v. *Joffe,* 129 Atl. (N. J.) 142, 40 A. L. R. 1335; *Moorefield* v. *Lewis,* 96 W. Va. 112, 123 S. E. 564; *Mitchell* v. *Raymond,* 181 Wis. 591, 195

N. W. 855; *Vogel* v. *Otto,* 182 Wis. 1, 195 N. W. 859. The opinion of the minority, which is known as the Massachusetts view, is that a gratuitous guest in an automobile can recover from the driver for injuries sustained while riding therein only when the latter is guilty of gross negligence. In *Dickerson* v. *Connecticut Co.,* 98 Conn. 87, 90, 91, 118 Atl. 518, 519, the court in commenting on these conflicting views said: "When the journey has begun, the owner's duty is to so operate the car that no new danger to the guest is created and no increase in the danger from this mode of transportation is incurred by him. If the owner increases the danger, or creates a new danger by the manner in which he operates the automobile, he has not exercised toward his guest reasonable care. This would follow if he operated the car at an unreasonable speed, or in violation of some law or municipal ordinance or regulation, or without having the car under reasonable control, or without keeping a proper lookout, and in consequence of his conduct an accident resulted in which the guest was injured. The Massachusetts doctrine would make the owner liable to the guest only in a case where he has exercised slight care, where the situation required the exercise of so much care that the owner's neglect has been such as to constitute gross negligence. Under such a doctrine the jury must have before them three standards to understand, to apply and to choose from. Under our standard the jury inquire whether the owner has exercised due care in the circumstances presented to him, and they determine this by asking what the reasonably prudent person would have done similarly circumstanced, and if the owner's conduct has not measured up to this standard he has not exercised due or ordinary care. That standard is simple and unvarying. As the danger increases the care must increase, for the reasonably prudent man would so act in a similar situation."

We are in agreement with the views of the majority. For the foregoing reasons the exceptions are overruled.

*H. E. Stafford* (also on the brief) for plaintiff.

*C. B. Dwight* (also on the briefs) for defendants.