FRANK KAFTON, PLAINTIFF-APPELLEE, v. EDWARD O. WICKBERG AND VICTORIA WICKBERG, INDIVIDUALLY AND TRADING AS MIDDLESEX DOCK AND BRIDGE COMPANY, DEFENDANTS-APPELLANTS.

Submitted May 1, 1938—Decided June 13, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the defendant-appellant, *John C. Stockel.*

For the plaintiff-appellee, *David T. Wilentz.*

BODINE, J. Plaintiff recovered a judgment by reason of the injuries suffered by him. The city of Perth Amboy, with the assistance of the Works Progress Administration, was conducting a project along the banks of the Raritan river requiring the use of a dredge and derrick furnished by the defendant, who also supplied an engineer to operate the same. On the day the plaintiff was injured, sewer pipes weighing approximately two tons were picked up by the derrick, which

had been anchored at the foot of State street, and were carried to the place where they were being laid in the bottom of the river. The defendant's operator was swinging the boom, which was carrying one of the pipes to which the plaintiff had attached a sling, when there was a sudden jerk, a cable parted, the boom fell and the plaintiff was injured. There was evidence that the cable parted because it was frayed and worn. The defense contended that the plaintiff allowed the cable to twist and that the break was occasioned by his act rather than by an improper condition.

The court submitted the case to the jury on the theory that it was incumbent upon the defendants to furnish a reasonably safe machine, and that if they negligently failed so to do there could be a recovery for injury occasioned thereby. Certainly the defendants in supplying the derrick and an engineer to operate the same was under a duty to exercise due care as to the condition of the instrument then in use and also in its operation so as not to occasion injury to persons lawfully about the work in which the derrick was being used.

In *Sheridan* v. *Foley,* 58 *N. J. L.* 230, the defendant was doing the mason work on a building then being erected. The plaintiff was laying a sewer pipe at the foot of one of the walls where defendant's men were working. He was struck and injured by a falling brick. Chief Justice Gummere said: "It cannot be denied that it was the duty of the defendant to so carry on the work upon which he was engaged as not to injure other persons who were employed upon other work upon the same premises, and that if the plaintiff was injured through the carelessness of the defendant, or his servants, in the performance of their work, he is entitled to compensation for such injury."

Appellants urge that there was error in the refusal to nonsuit and direct a verdict in defendants' favor and bring to our attention *Fedor* v. *Albert,* 110 *N. J. L.* 493. The facts and law as laid down in that case are inapplicable to the case at bar. The right of action in this case arises in tort and not in contract.

As Mr. Justice Depue said in *Marvin Safe Co.* v. *Ward,* 46 *N. J. L.* 19 (at *p.* 25) : "There is a class of cases in which a person performing services or doing work under a contract may be held in damages for injuries to third persons, occasioned by negligence or misconduct connected with the execution of the contract; but these are cases where the duty or liability arises independent of the contract." See, also, *Styles* v. *Long Co.,* 70 *Id.* 301; *Heckel* v. *Ford Motor Co.,* 101 *Id.* 385.

Clearly, it would have been improper upon the proofs adduced to have taken the case from the jury. It would likewise have been error to have charged the jury as requested by the defendant, the requests being to the effect that the plaintiff had no right to recover under the contract by which the derrick was furnished to the municipality. It is not proper for the trial judge to present an erroneous and inapplicable theory of law to the jury's attention.

There is no merit in the exception to the following excerpt from the charge: "It should not have broken under reasonable use. And the fact that it did break, when it was being used in the ordinary way and injured this man, speaks of negligence on the part of the defendant Wickberg Company, speaks so plainly of negligence that it is incumbent upon the defendant to explain to you how the machine came to break when the accident occurred." The learned trial judge before he made this statement charged the jury as follows: "Now, the negligence charged by the plaintiff against the defendant is, as I have said, that this machine was not in good condition as it should have been to do the work required, and that that was shown by the fact that it broke and injured the man. Now, of course, the Wickberg Company did not expect it to break, and did not think it would, or they would not have hired it, undoubtedly, but the duty which the law casts upon a person doing that sort of thing is to make reasonable inspections of their apparatus to see that they are in proper condition to be used for the purpose intended. And the charge here is that this machine was in such condition, either by the wear and tear that it had been used, and by the lack

of supervision, that it broke and injured the plaintiff. Now, it did break. One of the cables parted and the boom fell, and one of the cables struck him, knocked him into the water and injured him. There is no question about that. That cannot be disputed."

The court in a clear and extensive charge pointed out other evidences of negligence and left it to the jury to determine the issues as they should find them by the weight of credible evidence. Other points argued have been considered but have no merit.

The judgment under review is affirmed, with costs.