LUCILLE GIANGRASSO AND ANTHONY GIANGRASSO, PLAINTIFFS-RESPONDENTS, v. DEAN FLOOR COVERING CO., FORMERLY DEAN CUT RATE FLOOR COVERING CO., INC., DEFENDANT-APPELLANT.

Argued November 8, 1967—Decided January 22, 1968.

*Mr. Francis J. Lutz* for the respondents (*Messrs. Seaman and Clark,* attorneys; *Mr. Richard N. D'Agosto,* on the brief).

*Mr. Gerald W. Conway* for the appellant (*Messrs. Schreiber & Lancaster,* attorneys).

The opinion of the court was delivered by

HANEMAN, J. This action was brought to recover damages resulting from a fall which occurred while plaintiff was seeking entrance to defendant's store. At the conclusion of plaintiff's evidence, the trial court entered an involuntary dismissal on the grounds that plaintiff was not an invitee, but that even if she were, the defendant had not breached any duty of care with respect to her, and further that she was barred from recovery because she had been contributorily negligent as a matter of law. The Appellate Division, in an unreported opinion, reversed and we granted certification. 49 *N. J.* 362 (1967).

The record discloses that on the evening of January 20, 1962 plaintiff left her house with the intent of walking to defendant's store to make a purchase. Her house fronted on what was then Elm Street in Edison Township and was located directly opposite the rear of defendant's premises.

From the intersection of plaintiff's driveway and Elm Street, there are several routes available to a person seeking to reach the front of defendant's store on Fulton Street, where the only entrances are located. Plaintiff could have turned right on Elm Street, proceeded for 150 feet to

Washington Street, made a left turn, walked 200 feet to Fulton Street, which runs parallel to Elm Street, turned left again and proceeded 125 feet to the front of defendant's store. Alternatively, she could have taken a somewhat longer route by turning left on Elm Street and making a right turn on both Route 1 and Fulton Street. Neither of the routes crosses defendant's property.

Instead of following either course, plaintiff apparently elected to take a shorter approach to the front entrance by proceeding along a path which ran along the side of defendant's building, from the front of the store to Elm Street. Rather than travel along Elm Street until she could turn left onto the path, she crossed Elm Street and entered defendant's land via a driveway at the rear of the store used for delivery trucks. Plaintiff then attempted to reach the path by crossing an open, unlit, unpaved and at that time muddy area which is bounded by the rear of the building, Elm Street, the driveway and the above referred to path and which was separated from Elm Street by a row of shrubs. Before she could reach the path she slipped on a piece of wet cardboard.

It is clear that plaintiff's right to recover depends upon whether she qualified as an invitee since under the proofs defendant violated no duty owed to her as a licensee or a trespasser. *Tomsky v. Kaczka,* 17 *N. J. Super.* 211 (*App. Div.* 1952) and authorities cited; *Standiford v. Bernhardt,* 13 *N. J. Super.* 357 (*App. Div.* 1951).

 The test for determining the status of a person as an invitee was originally set forth in *Phillips v. Library Co.,* 55 *N. J. L.* 307, *pp.* 314–315 (*E. & A.* 1893) and re-affirmed in *Handleman v. Cox,* 39 *N. J.* 95 (1963) where the court said, at *p.* 107:

" '[T]he liability of an owner or occupier for the condition of his premises arises where the plaintiff was induced to make use of the premises, in the course of which he sustained the injury sued for, by express invitation, or by invitation to be implied from acts and conduct of the defendants. The gist of the liability consists in the fact that the person injured did not act merely on motives of his own, to

which no act or sign of the owner or occupier contributed, but that he entered the premises because he was led by the acts or conduct of the owner or occupier to believe that the premises were intended to be used in the manner in which he used them, and that such use was not only acquiesced in, but was in accordance with the intention or design for which the way or place was adapted and prepared or allowed to be used.' "

The area of the invitation extends to such parts of the premises as may reasonably be believed open for access to the particular place to which the invitation is extended. Such a determination therefore depends on the surrounding circumstances. *Williams v. Morristown Memorial Hosp.*, 59 *N. J. Super.* 384, pp. 389–390 (*App. Div.* 1960) and cases cited.

Several considerations lead us to conclude that the area in which Mrs. Giangrasso fell cannot be considered within the scope of the invitation.

There is first, the absence of testimony that customers utilized either the path or the open area in which the fall occurred. Although plaintiff testified that she had seen people walk along the path, she could not tell if they were customers rather than employees or trespassers. Indeed she admitted never having seen a person on the path carrying a purchase. The same is true as to her testimony concerning people in the open area where she fell. A truck was being unloaded in the adjacent driveway on each occasion that she saw people at either location. It seems most probable that the persons noticed were employees.

Nevertheless, even if we assume that the path because of its location, can be considered a means of gaining access to the store, an invitation to use such path does not include the open area in which she fell. Plaintiff offered no evidence that defendant planned or conceived that the open area be used by customers as an entrance to the path. The open area was not covered with gravel, as was the path, nor was it lit. In addition it was separated from Elm Street by a row of shrubs, one result of which was to prevent the use of the open space as a means of access to the path from Elm Street. Thus

not only was there an absence of affirmative encouragement but prospective users of the path were as well discouraged from using the open space as a means of access. All indications, including its uncovered and unlit nature as well as its protecting shrubbery, point to the conclusion that the open space was not meant to be so used.

Thus, even if the invitation can be said to encompass the path, the only invitational method of entering upon it is from Elm Street and not over the dangerous and partially obscured way taken by plaintiff, in crossing which she fell.

Having concluded that the Appellate Division erred in believing a jury question to exist as to plaintiff's status as an invitee, we find it unnecessary to consider the other contentions advanced by defendant.

The decision of the Appellate Division is reversed and that of the trial court reinstated.

JACOBS, J (dissenting) : I subscribe to the Appellate Division's holding below that plaintiff wife's proofs, viewed most favorably to her, as she was admittedly entitled to have them viewed at the close of her case (*Honey v. Brown,* 22 *N. J.* 433, 438 (1956)), were sufficient to enable a jury to find that she "was an invitee in the area where she fell, that she was not contributorily negligent and that defendant was guilty of negligence which was the proximate cause of plaintiff's fall." But even if I were inclined otherwise I would still be disturbed by the fact that this Court took the case for review though clearly it presented no significant issues and no questions of moment. The framers of the 1947 Constitution modeled New Jersey's judicial structure on the federal system. There was to be one appeal as of right to the Appellate Division, and apart from certain limited classes of cases not pertinent here, no further review was to be afforded except where expressly granted by this Court under its discretionary power of certification. *See N. J. Const., Art.* VI, § 5, *par.* 1; *Midler v. Heinowitz,* 10 *N. J.* 123, 129 (1952). That this discretionary power was never intended to be exer-

cised in favor of a second appellate review in relatively trivial cases such as this one is entirely clear from the federal history (*see* Frankfurter, J., dissenting in *Dick v. New York Life Ins. Co.,* 359 *U. S.* 437, 447, 79 *S. Ct.* 921, 3 *L. Ed. 2d* 935, 943 (1959)), from the pertinent supportive expressions during the 1947 Constitutional Convention (IV *Const. Convention of 1947, pp.* 7, 150, 202, 203, 283–284, 401, 432, 476) and from the court rule which sets forth the criteria for certification and stipulates that certification is not a matter of right and is to be allowed only where there are "special and important reasons therefor." *R. R.* 1:10–2.

In *Dick v. New York Life Ins. Co., supra,* Justice Frankfurter dealt at length with the federal *certiorari* practice upon which ours was patterned. He quoted Chief Justice Taft to the effect that the Supreme Court's function is conceived to be "not the remedying of a particular litigant's wrong, but the consideration of cases whose decision involves principles, the application of which are of wide public or governmental interest, and which should be authoritatively declared by the final court." 359 *U. S.* at 453–454, 79 *S. Ct.* at 931, 3 *L. Ed. 2d* at 946. He noted that "questions of fact have traditionally been deemed to be the kind of questions which ought not to be recanvassed here unless they are entangled in the proper determination of constitutional or other important legal issues." 359 *U. S.* at 454, 79 *S. Ct.* at 931, 3 *L. Ed. 2d* at 946. And towards the close of his opinion, he expressed the thought that the intermediate Court of Appeals was the one charged primarily with the appellate responsibility of examining records for the sufficiency of evidence, and that its judgment on that score should ordinarily be permitted to rest. 359 *U. S.* at 462, 79 *S. Ct.* 921, 3 *L. Ed. 2d* at 950–951. *See also* Stewart, J., concurring in *Sentilles v. Inter-Caribbean Shipping Corp.,* 361 *U. S.* 107, 111, 80 *S. Ct.* 173, 4 *L. Ed. 2d* 142, 145 (1959) ; *Florida Power & Light Co. v. Bell,* 113 *So. 2d* 697, 699 (*Fla.* 1959).

Changing conditions and philosophies with increased emphasis on individual rights and protections are presenting this

Court with more and more momentous issues for determination. These issues must be dealt with justly, thoroughly and expeditiously and the judicial energies should all be dedicated to that end. The approach should be the careful confinement of our discretionary reviews to those important and exceptional cases which patently call for consideration by the State's court of last resort. Departures from this approach serve unfortunately to dilute the judicial energies and to encourage further applications for certification in cases which utterly fail to satisfy any of the criteria set forth in *R. R.* 1:10–2. Procedurally I would vote to vacate the certification in the case at hand as improvidently granted; on the merits I would vote to affirm the judgment entered in the Appellate Division.

*For reversal*—Justices FRANCIS, PROCTOR, GOLDMANN, SCHETTINO and HANEMAN—5.

*For affirmance*—Chief Justice WEINTRAUB and Justice JACOBS—2.