165 N.J. Super. 258 (1978)
398 A.2d 106
MILDRED KELLER AND GEORGE KELLER, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
FRANK KULL, INC., A CORPORATION, ISRAL RUBIN AND/OR SAV-MOR CO., (SAV-MOR CO. #11), JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1978.
Decided November 15, 1978.
*260 Before Judges CRANE and HORN.
Mr. John A. Yacovelle argued the cause for appellants.
Mr. F. Herbert Owens, III, argued the cause for respondent Frank Kull, Inc. (Messrs. Montano, Summers, Mullen & Manuel, attorneys).
Mr. Robert Brooks argued the cause for respondent Sav-Mor Co. (Messrs. Martin, Crawshaw & Mayfield, attorneys; Mr. G. Paul Crawshaw on the brief).
PER CURIAM.
Plaintiffs instituted an action for personal injuries sustained by Mrs. Keller (hereinafter individually designated as plaintiff) arising out of an accident which occurred on December 15, 1972. Mr. Keller joined in the action per quod. Following a trial the jury returned a verdict against them through written answers to interrogatories. R. 4:39-2. This appeal followed.
The evidence adduced at the trial tended to establish that on the above date plaintiff operated a beauty shop in premises rented by her at 795 Emerson Avenue, Lindenwold, New Jersey. Her shop was in the third store from the corner of Gibbsboro Road in a line of stores under common ownership[1] and leased to different parties. The first store, situate at approximately the corner of Gibbsboro Road and Emerson *261 Avenue, was a drugstore operated by defendant Rubin under the name "Sav-Mor Drug Store." Between plaintiff's store and the drugstore was a gift shop operated by a third person. Leading from the front door of the stores was a parking area. Each store had a back door opening onto a walkway and drainage area.
Plaintiff had become a tenant in said store about two weeks before the date of the accident. During that interval she had gone out the back door once or twice and had noticed a dumpster[2] located back of the Sav-Mor Drug Store. Defendant Frank Kull, Inc., which operated a trash removal business, had placed the container behind the drugstore under contract with Rubin.
Plaintiff testified that on the day of the accident she had placed some used towels in a covered plastic container behind her store. Later she noticed they were gone, but was too busy to investigate the incident at the time. About 9:30 P.M., when the drugstore was closed, she went out her front door and proceeded around the drugstore to the rear of it, because it was too dark to go out the back door. She approached the dumpster for the purpose of ascertaining whether her towels were in it. Although it was dark and she could not see inside, she opened the lid of the dumpster about one-half or three-quarters of the way up, from front to back, when the dumpster fell on her, causing personal injuries for which she and her husband sought to recover.
Although she believed the dumpster was community property, she admitted no one had verbally told her that it was, nor did anyone notify her of restrictions on her use of the rear sidewalk or the dumpster. Additional facts are discussed hereinafter.
Plaintiffs raise three grounds as bases for reversal:

 Point I  The court erred in refusing to instruct the jury
 on the doctrine of res ipsa loquitur.

*262
 Point II  The court erred in failing to strike the defense
 of contributory negligence and in submitting the
 issue to the jury.
 Point III  The court erred in charging the jury on the
 applicability of the law of trespass to the case
 as a whole and to these defendants in particular.

We take up each of them in the stated order.

I
After all the testimony was introduced by all parties during the trial, plaintiffs' attorney moved for a directed verdict in favor of plaintiffs "for this reason, that this is essentially similar to a Res Ipsa Loquitur case." The judge declined to grant the motion and did not instruct the jury as to the doctrine of res ipsa loquitur. No objection was made to the charge on this ground. Nonetheless, plaintiffs contend under their first point that the judge erred in failing to so charge. We disagree.
No written request was submitted by plaintiffs to charge the doctrine, as required by R. 1:8-7. Although a judge should instruct the jury on basic questions of law arising out of the facts, even without a request to do so, Grammas v. Colasurdo, 48 N.J. Super. 543 (App. Div. 1958), in the context of the evidence adduced in the instant case the doctrine of res ipsa loquitur did not apply. Accordingly, there was no duty to instruct it even if requested.
The dumpster was not in the exclusive possession of either defendant. It could not be said that the injury was not the result of plaintiff's own conduct. Kahalili v. Rosecliff Realty, Inc., 26 N.J. 595, 606 (1958). It fell only after plaintiff endeavored to open the lid. Although she testified that is all she did, the jury could have properly inferred differently in view of the darkness and the fact that she would be compelled to grope through the interior of the dumpster to locate her towels. Ferdinand v. Agricultural Ins. Co. of *263 Watertown, N.Y., 22 N.J. 482 (1956); State v. Talbot, 135 N.J. Super. 500, 508 (App. Div. 1975) aff'd 71 N.J. 160 (1976); Corcoran v. Hartford Fire Ins. Co., 132 N.J. Super. 234, 243-244, (App. Div. 1975).

II
The second point  that contributory negligence was not an issue  is without merit. Also, apart from plaintiff's failure to object to the charge on this issue, it was clearly an appropriate one for the jury's consideration. Contributory negligence consists of the failure of a plaintiff to use such care for his own safety as an ordinarily prudent person in similar circumstances would use. Hendrikson v. Koppers Co., 11 N.J. 600 (1953). In the case presented to the jury, the jury could have well found that plaintiff, undertaking to ascertain whether her towels were in the dumpster under the circumstances related above, was contributorily negligent.

III
Finally, defendant asserts that the judge erred in charging as to the applicability of the law of trespass. The case was obviously tried on the theory of plaintiff's status with respect to both the premises and the dumpster when the accident occurred. Plaintiff's attorney argued at the close of the evidence, in response to defendants' motions for judgment, that "[t]he cases that I mentioned * * * show clearly that both issues of status of the plaintiff and thus the duty owed and the foreseeability of the happening of the accident are questions for the jury * * *." Not until after the judge had charged the jury did plaintiffs' attorney claim that the jury could not find that plaintiff was a trespasser. It was then too late to claim that the issue was not properly in the case. Cartan v. Cruz Constr. Co., 89 N.J. Super. 414, 422 (App. Div. 1965).
*264 Nonetheless, we are satisfied that the question of plaintiff's status was properly placed before the jury. Assuming that plaintiff was authorized to use the rear of the drugstore premises, the scope of her invitation was an issue for the jury. It could validly determine that she exceeded that invitation in going to the location of the dumpster on the evening in question. Giangrasso v. Dean Floor Covering Co., 51 N.J. 80 (1968); Hendrikson v. Koppers Co., supra; Williams v. Morristown Memorial Hosp., 59 N.J. Super. 384 (App. Div. 1960); Nary v. Parking Auth., 58 N.J. Super. 222 (App. Div. 1960).
The jury could have decided, as it apparently did, that plaintiff knew she had no right to use the dumpster for her own purposes and had no more right to open it to see if her property was in it than she had the right to open the closed drugstore to see if her property was contained therein. The duty of defendant Kull, as owner of the dumpster, was no greater under the circumstances than that of defendant Rubin. Gudnestad v. Seaboard Coal Dock Co., 15 N.J. 210 (1954); Kafton v. Wickberg, 120 N.J.L. 417, 418 (Sup. Ct. 1938), aff'd o.b. 121 N.J.L. 586 (E. & A. 1938); Prosser, Law of Torts, § 58 at 367 (1964).
In view of our determination that the issue as to plaintiff's status was correctly submitted to the jury, we need not consider plaintiffs' argument that one may not be a trespasser upon personal property. However, see Faggioni v. Weiss, 99 N.J.L. 157 (E. & A. 1923); Glowacky v. Sheffield Farms Co., 4 N.J. Misc. 849 (Sup. Ct. 1926), aff'd 103 N.J.L. 697 (E. & A. 1927); Rose v. Squires, 101 N.J.L. 438 (Sup. Ct. 1925), aff'd without opinion, 102 N.J.L. 449 (E. & A. 1926). See also, Cohen v. Kaminsky, 36 N.J. 276 (1961), wherein our Supreme Court distinguished the duty owed by an owner of an automobile to his social guest from the duty owed by him to a trespasser therein. See also, Mondshour v. Moore, 256 Md. 617, 261 A. 2d 482 (Ct. App. 1970). In 57 Am. Jur.2d, Negligence, § 116 at 468, it is stated:
*265 * * * If the person injured was a trespasser on the defendant's premises, or was a trespasser by virtue of making use of the personal effects of the defendant without his consent, the liability of the defendant as the owner or possessor of a dangerous instrumentality depends upon whether he had or had not discharged the duty of care which he owed to trespassers of the plaintiff's class. [footnotes omitted]
Since we find no merit in any of the grounds raised by plaintiffs, the judgment is affirmed.,
NOTES
[1] The owner of the premises was not named as a defendant.
[2] Described as a trash container on wheels weighing about 200 pounds net, about four feet high.