BELONGY, Respondent, vs. KEWAUNEE, GREEN BAY & WESTERN RAILWAY COMPANY, Appellant.

*May 9—June 23, 1924.*

*Railroads: Accidents at grade crossings: Automobiles: Invitees: Contributory negligence: Instructions: Prolixity and repetition: Harmless error: Argumentative instruction.*

1. In an action by plaintiff, who was an invited guest riding in an automobile, to recover for injuries sustained when the automobile was struck at a grade crossing by a freight car being pushed by one of the defendant's locomotives, an instruction which, taken as a whole, clearly indicated that plaintiff was a guest, and that it was her duty, as it was the duty of the driver of the automobile, to exercise ordinary care under all the circumstances, but which plainly pointed out that the ordinary care which plaintiff was to exercise was the ordinary care to be exercised by persons similarly situated, correctly stated the law. p. 380.

2. The instructions were prolix and contained repetitions, accounted for undoubtedly by the fact that a huge mass of material apparently embodying instructions on all phases of the case was presented to the court (a practice criticised in *Jones v. Monson,* 137 Wis. 478); but mere prolixity and repetition does not constitute reversible error. p. 381.

3. An instruction is not argumentative if the jury could not infer from it that the verdict should, in the opinion of the court, be either for or against the plaintiff; and as applied to the facts in this case, an instruction as to contributory negligence, although criticised for repetition and prolixity, is *held* not argumentative. p. 382.

APPEAL from an order of the municipal court of Brown county: N. J. MONAHAN, Judge. *Reversed.*

*Nellie Belongy* sued the defendant for damages for personal injuries received when an automobile in which she was riding, driven by Mrs. Carrie Hoberg, was struck by a freight car that was being pushed across Webster avenue, in the city of Green Bay, by one of defendant's locomotives. The jury returned a special verdict in which they found that the plaintiff was injured as alleged; that the collision was caused by the failure of the defendant company to give timely and suitable notice or warning; that they were shoving cars in advance of the engine; and that the negligence of the railway company was the proximate cause of the collision. The jury found that the bell was rung, that the train was not traveling faster than twelve miles an hour; and they also found that the plaintiff was guilty of more than a slight want of ordinary care and that such want of ordinary care contributed to produce the collision. After verdict there were the usual motions, and the court set aside the verdict on the ground of error in the instructions given by the court to the jury; and from the order setting aside the verdict and granting a new trial the defendant appeals.

For the appellant there was a brief by *Fairchild, North, Parker & Bie,* attorneys, and *Samuel D. Hastings,* of counsel, all of Green Bay, and oral argument by *Walter T. Bie.*

For the respondent there was a brief by *John Gauerke* and *Martin, Martin, Martin, Clifford & McHale,* all of Green Bay, and oral argument by *Gerald F. Clifford.*

ROSENBERRY, J. It is contended by the defendant: first, that the plaintiff was guilty of contributory negligence as a matter of law; second, that the trial court committed an error of law in setting aside the verdict, and that the defendant was entitled to judgment upon the verdict. The plaintiff was a woman forty-four years of age, and on the afternoon of September 21, 1921, Mrs. Hoberg called at the home of

the plaintiff, and the plaintiff and Mrs. Hoberg went for an automobile ride. They proceeded northerly along Webster avenue, which crosses the East river. At the northerly end of the bridge and about forty-eight feet beyond the end of the bridge there is a switch track which crosses the highway

as indicated by Exhibit 9, printed herewith.   An engine of
the defendant railway company was engaged in switching
and was pushing three cars ahead of it west on the indus-
trial track, which serves a plant north of the track and east
of Webster avenue.   The collision took place at a point
fourteen feet west of the center of the street.   As one
drives north over the bridge the view is obstructed by a
steel siding on the bridge six feet six inches high.   Seventy-
seven feet from the north end of the bridge it begins to
slope downward, and at the north end of the bridge the
siding is two and one-half feet high.   The plaintiff testi-
fied that after the automobile left the bridge she looked both
ways; that she considered this a dangerous crossing; that
she was perfectly willing to leave the responsibility of driv-
ing the car with Mrs. Hoberg and thought that Mrs. Hoberg
would look out for plaintiff's safety; that when Mrs. Ho-
berg turned the wheel after they saw the box car, it was
just about onto them or probably ten feet away.

In view of the finding of the jury it must be held that the
defendant's contentions that the cars were in view from a
point more than 100 feet east of the crossing, that Mrs.
Hoberg and the plaintiff did not look or stop, and that the
automobile was in fact four feet past the look-out sign-post
when they first observed the freight car, are sustained.   In
this connection it is to be noted that Mrs. Hoberg, the
driver of the car, sat on the left-hand side of the seat, away
from the approaching box cars, and that the plaintiff sat
on the right-hand side of the front seat, on the side nearest
to the approaching box cars.   As to the duty of the plaintiff,
who was an invited guest, the court instructed the jury as
follows:

"The degree of care which a party is obliged to exercise
in order to constitute ordinary care varies with the degree
of the danger.   Our courts have recognized the duties of
travelers approaching and crossing railway tracks at street
crossings and have established a rule of diligence as to what

shall constitute ordinary care on the part of one so approaching and crossing a railroad track. It is undisputed in this case that Mrs. Hoberg, the driver of the automobile, and also *Mrs. Belongy*, the plaintiff, was familiar with this crossing just north of the Webster avenue bridge, as both had crossed it many times. They therefore knew of the presence of the railroad track at the place of the accident. It is a rule of law in this state that the presence of a railroad track is a warning of probable danger. It is a standing proclamation to persons approaching it that a train is liable at any time to run thereon, and the traveler approaching it must assume at all times that a train may be approaching. When Mrs. Hoberg and *Mrs. Belongy* knew that they were approaching this track, they, and each of them, had a duty to perform—the duty to look and listen for an approaching train, cars, or locomotive, before attempting to cross the track. Failure so to do when there is an opportunity therefor and to keep out of the way of an approaching train, cars, or locomotive, which could be seen or heard by them by a vigilant performance of this duty to look and listen, would be want of ordinary care on the part of either Mrs. Hoberg or *Mrs. Belongy*, if either failed to perform it. . . ."

"The duties of travelers approaching a railway crossing that I have enumerated in the foregoing instructions, to look and listen, apply to all travelers on the highway. So far as the performance of these duties is concerned, the law makes no difference between the driver of an automobile and a guest sitting in the front seat with her. If Mrs. Hoberg failed to perform these duties she was guilty of a want of ordinary care. Likewise, if *Mrs. Belongy* failed to perform these duties, she was guilty of a want of ordinary care. If you find that *Mrs. Belongy* did perform these duties, then you will consider whether or not her conduct thereafter was the conduct of a reasonably prudent person under the same or similar circumstances. A guest or a passenger in an automobile operated by another is bound to exercise ordinary care for her own safety. *Mrs. Belongy* could not neglect her duty to use reasonable diligence in caring for herself. If Mrs. Hoberg was carelessly going into danger, *Mrs. Belongy*, who was sitting in the front

seat with her and was familiar with the track and the trees
which obstructed the view, should have been aware of it,
and it was incumbent upon her to take proper steps for her
own safety; such steps as the reasonably prudent person
would take under the same or similar circumstances. Or-
dinary care might require her to act or not to act, to speak
or not to speak, considering all the circumstances. The
court cannot lay down a mathematical precept as a rule of
law enjoining in detail what should be said or done or
omitted in every juncture of danger. Under some circum-
stances, a clamor of direction by a guest might tend to
confuse the driver and increase the danger. Under other
circumstances, the duty to utter warning might be impera-
tive. In some instances it might be rank folly to wrest the
wheel from the driver, and in others it might be highly
necessary to do that very thing. It is plain that an invited
guest sitting in the front seat of an open car is not to be
supine and inert as mere freight.               .

"Accepting the hospitality of a friend does not excuse
her from the duty of acting for her own safety as a reason-
ably prudent person would under like circumstances. How-
ever, she may not sit silently by and permit the driver to
encounter or enter into open danger without protest or
remonstrance and take the chances of obvious danger. She
cannot remain dumb and inert, taking no heed of known
danger and permit her host to drive into it. Ordinary care
on her part, or lack of it, may be inferred from action or
omission to act, speaking or omitting to speak, respecting
the duty, under all the circumstances, to act for her own
safety as a reasonably prudent person would under like
circumstances."

In setting aside the verdict the court said:

"The requested instruction complained of and as given
by the court relating to the eighth and tenth questions of the
special verdict is elaborate as to details and is argumentative,
which undoubtedly conveyed to the jury what they, the
jury, thought was the court's opinion or personal view of
the evidence in the case. I am satisfied these instructions
as given were more than favorable to the defendant and
prejudicial to the plaintiffs, and the court invaded the func-
tions of the jury in portions of this charge."

In *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739, which overruled *Prideaux v. Mineral Point,* 43 Wis. 513, the question of when and under what circumstances a guest may be guilty of contributory negligence or stand in such relation to the driver that the negligence of the driver may be imputed to the guest was expressly reserved.

In *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791, it was held, under the facts and circumstances of that case, that the guest was guilty of contributory negligence as a matter of law, and it was said:

"It is the general rule that a passenger in an automobile is required to use the same care for his safety that a reasonably careful person exercises under the same or similar circumstances. The fact that he has not charge of the automobile as driver does not absolve him from exercising care for his safety, though he is not required to exercise the same care that is required of the driver."

See, also, *Igle v. Peoples R. Co.* 5 Boyce (Del.) 376, 93 Atl. 666; *Brommer v. Pennsylvania R. Co.* 179 Fed. 577; *Hall v. W. J. & S. R. Co.* 244 Fed. 104; *Colorado & S. R. Co. v. Thomas,* 33 Colo. 517, 81 Pac. 801; *Ohio E. Co. v. Evans* (Ind.) 134 N. E. 519; *Brown v. McAdoo,* 195 Iowa, 286, 188 N. W. 7; *McAdoo v. State,* 136 Md. 452, 111 Atl. 476; *Dummer v. Milwaukee E. R. & L. Co.* 108 Wis. 589, 84 N. W. 853.

That the instruction given stated the law in greater detail than was necessary must be conceded. The trial court was also of the opinion that the instruction imposed upon the plaintiff a higher degree of care and diligence than was warranted by the law. Taken as a whole, the instruction clearly indicates that the plaintiff was a guest; that while it was her duty as it was the duty of the driver to exercise ordinary care under all of the circumstances, yet it was plainly pointed out that the ordinary care she was to exercise was the ordinary care to be exercised by persons similarly situated. *Mrs. Belongy* testified that she did make

observations; that she attempted to exercise a proper degree of care; and if the jury believed her testimony, they should have had no difficulty in coming to the conclusion that she was not guilty of contributory negligence. The verdict of the jury indicates that they were convinced that the moving cars were within sight of the plaintiff and that had she exercised ordinary care for her own safety she might have averted or at least attempted to avert the accident.

While the instructions are prolix and there is much repetition, nevertheless they correctly state the law, as will be shown by an examination of the authorities referred to. The instructions were given in response to requests of counsel. A huge mass of material apparently embodying instructions upon all phases of the case were handed to the court, which no doubt accounts for the prolixity and repetitions contained in the instructions as given. This practice has been properly criticised in *Jones v. Monson,* 137 Wis. 478 (119 N. W. 179), at p. 488. However, mere prolixity and repetition does not constitute reversible error. 14 Ruling Case Law, p. 778, § 46, and cases cited.

While the trial court was correct in assuming that instructions should not be argumentative, we think the instruction given is free from that fault. To argue a proposition is to contend for it. A careful reading and rereading of the instruction discloses no bias of mind on the part of the court. The jury could not from the instruction infer that the verdict should, in the opinion of the court, be either for or against the plaintiff. Nor are we able to draw an inference of that character. It should be borne in mind that this instruction was given in a case where both the driver and the guest were entirely familiar with the situation. They both were aware that they were approaching a railway crossing. They both knew that the crossing might be in use at any time. In addition to that, the required lawful warning signs were in plain sight, and, if the verdict of the jury is to be

believed, neither did anything to ascertain whether or not cars might be approaching. The instruction carefully indicates that the exercise of ordinary care may require different things of the guest than of the driver, as was indicated in *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791. As applied to the facts in this case the instruction was neither argumentative nor erroneous, although it is subject to criticism for repetition and prolixity.

We find it unnecessary to determine whether the plaintiff was guilty of contributory negligence as a matter of law.

*By the Court.*—The order of the municipal court is reversed, with directions to enter judgment for the defendant upon the verdict, dismissing the complaint.

CROWNHART, J., dissents.