HAINES, Respondent, vs. DUFFY, Administratrix, and another, imp., Appellants.

*November 9—December 8, 1931.*

For the appellant Marie Duffy, administratrix, there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the appellant Elmer Bess there was a brief by *Buehler & Buehler* of Alma, attorneys, and *Ernest E. Watson* of Minneapolis, Minnesota, of counsel, and oral argument by *Mr. Watson.*

For the respondent there was a brief by *Grover L. Broadfoot* of Mondovi and *Brown, Somsen & Sawyer* of Winona, Minnesota, and oral argument by *A. W. Sawyer.*

Owen, J.   On November 25, 1928, plaintiff was riding in an automobile driven and operated by the defendant Elmer Bess between the city of Winona, Minnesota, and Fountain City, Wisconsin.   While on a curve, the Bess automobile collided with an automobile driven by William Duffy, the administratrix of whose estate is one of the defendants, causing plaintiff serious injuries.   She brought this action against the driver of one car and against the administratrix of the driver of the other car, to recover her damages therefor.

By special verdict the jury found both drivers negligent with respect to speed, lookout, control, and yielding the right of way, which negligence constituted a proximate cause of plaintiff's injuries.   The jury also found the plaintiff negligent because she failed to protest as to the speed of the Bess car as well as the manner in which the Bess car was operated.   Upon motions made after verdict the court changed the answers of the jury to the questions which found the plaintiff guilty of contributory negligence and rendered judgment in favor of the plaintiff.   This appeal presents the single question of whether the verdict of the jury finding the plaintiff guilty of contributory negligence is sustained by the evidence, and whether the trial court was justified in setting aside the verdict of the jury in such respect.

The plaintiff was riding in the car of the defendant Bess. His negligence was not imputed to her.   *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739.   She was in duty bound, however, to exercise ordinary care for her own safety.   This required her to maintain a lookout.   *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791; *Belongy v. Kewaunee, G. B. & W. R. Co.* 184 Wis. 374, 199 N. W. 384.   The jury found, however, that she did maintain a lookout, and that she not only saw the Duffy car coming at a distance of approximately 500 feet, but that she called the attention of Bess to

the approaching car is undisputed. She was, however, the guest of Bess, and in order for her to recover against Bess the law requires that she should have indicated to Bess her displeasure at the manner in which he was driving the car in certain respects. It is well settled that it was her duty to protest at an excessive or dangerous rate of speed. There is an increasing tendency to designate this failure to protest as contributory negligence. It is not strictly contributory negligence. The duty to protest grows out of the relation of host and guest, and it constitutes an essential element in the question of whether the guest may recover damages resulting from the negligence of the host. The rule is that the host owes to the guest the duty of not increasing the danger or creating a new one naturally resulting from the acceptance by the guest of the invitation extended by the host. Where the invitation is to take an automobile ride, the guest is warranted in assuming that the host will not drive at a reckless or unlawful rate of speed. However, it may suit the pleasure of both the host and guest to drive at a high rate of speed. Where this results with the acquiescence of the guest, the guest is not permitted to recover from the host. This is not because the guest is, strictly speaking, guilty of contributory negligence, or any negligence, but rather because the guest has acquiesced in the conduct of the host, and it would be against reason and justice to permit a recovery against the host under such circumstances. It is also settled that the nervous guest has nothing to do with the immediate management and control of the car. *Goehmann v. National Biscuit Co.* 204 Wis. 427, 235 N. W. 792.

There is no evidence in this case that prior to the entry upon the curve Bess drove at a dangerous or excessive rate of speed. It is contended that there is evidence to furnish room for such an inference. The evidence relied on is a statement made by the plaintiff immediately after the acci-

dent.   According to the testimony of some witnesses, she said to the defendant Bess: "I told you not to drive so fast." According to her own evidence, she said: "I told you to be careful."   This is the only evidence from which it can be inferred that Bess drove recklessly or at an excessive rate of speed before his entrance upon the curve.   To our minds this does not amount to any probative evidence that prior to his entrance upon the curve he drove in such manner as to lay upon the plaintiff any duty to protest.   Even though she did protest, there might have been no substantial reason therefor, and in order to charge her with such duty the jury must find conduct on the part of Bess which called for protest on the part of the plaintiff.   There is no such evidence in the case and any finding that plaintiff acquiesced in dangerous or reckless driving on the part of Bess cannot be sustained.

The testimony shows that after entrance upon the curve, and after Bess knew of the approach of the Duffy car, his rate of speed was anywhere from twenty to forty miles an hour, as estimated by the various witnesses.   Under all of the circumstances the jury could have found that he was driving at a dangerous rate of speed while on the curve and while approaching the Duffy car.   Eliminating, however, the approach of the Duffy car and assuming a clear road, there is no evidence to show that his rate of speed was excessive or dangerous.   It was a curve with a radius of 100 feet, 490 feet in length, with no obstructed view from one end to the other.   The road was in good condition, and there is nothing to indicate that any accident would have happened, or that there was danger in maintaining any such rate of speed, except for the approach of the Duffy car.   This accident happened because of the manner in which each driver handled his automobile at the time of meeting on the curve. The rate of speed maintained entered into the control over

and the management of the car at the time of the collision. The accident happened because the driver of each car was negligent in managing and handling his car. The rate of speed which should be maintained in meeting or passing cars is a matter which must be left to the judgment of the driver. That enters into and is an integral part of the control and management of the car concerning which the passenger or guest has no responsibility, and in the preparation of a special verdict the question of speed might well be merged with that of control or management, the jury being told that in deciding whether the car was under proper control or properly managed the speed at which it was being driven should be taken into consideration. As a guest owes no duty to the host to make suggestions with reference to the management of the car, we find in this regard no failure to exercise ordinary care on the part of the plaintiff. We accordingly conclude that the trial court was right in changing the answers of the jury and rendering judgment in favor of the plaintiff.

There remains to be considered one other question. Neither of the defendants filed a cross-complaint against the other asking for a judgment of contribution. However, the court held that under the circumstances it was clear that each was entitled to contribution from the other, and awarded such judgment. The administratrix of the estate of Duffy assigns this as error. While it is an unusual proceeding to award judgment to one who has not even asked for it, we conclude that the practice is not to be disapproved under the circumstances of this case. Where the record discloses all the facts which entitle one of the defendants to contribution from the other, it is but a short-cut to the attainment of the ends of justice to treat the pleadings as amended and to award judgment for contribution.

*By the Court.*—Judgment affirmed.

The following memorandum was filed January 22, 1932:

PER CURIAM. Since filing the opinion in the above case our attention has been called to a misstatement of fact. It is stated in the opinion that "neither of the defendants filed a cross-complaint against the other asking for a judgment of contribution." It appears that the defendant Duffy did file a cross-complaint asking for contribution against the defendant Bess, but the defendant Bess did not file a cross-complaint asking for contribution against the defendant Duffy. We make this supplemental statement in the interest of accuracy, but it makes no difference with the disposition of the case. According to our original conception each defendant was entitled to judgment for contribution against the other defendant in the absence of any prayer therefor. It follows necessarily that Duffy is entitled to judgment for contribution against Bess because he asked for it, and that the defendant Bess is entitled to contribution against the defendant Duffy even though he did not ask for it, because the record shows that he is entitled to it upon the facts, and the trial court treated the pleadings as amended to correspond to the facts.