NYGAARD and others, Appellants, vs. PATROW and others, Respondents.*

*March 5—April 8, 1952.*

* Motion for rehearing denied, with $25 costs, on June 3, 1952.

For the appellants there were briefs by *Hansen, Kaiser & Steinbring* of Eau Claire, and oral argument by *John D. Kaiser.*

*Ernest T. C. Hanson* of Eau Claire, for the respondents.

FAIRCHILD, J. The appellants challenge the jurisdiction of the trial court to enter judgment foreclosing the contract subject to the chattel mortgage, because of the failure of the respondent, Consumer Credit Corporation, to appear and answer. They contend that the trial court exceeded its jurisdiction in entering the judgment recognizing the chattel mortgage to the extent of $1,500 as an existing lien against the personal property. In their brief they state: "The plaintiffs had no intention of bringing into the case any claim of or against chattel mortgagee. The action was commenced for the sole purpose of foreclosing the rights of the purchasers, Charles M. Patrow and Lorraine G. Patrow, his wife. The defendant, Consumer Credit Corporation, was named as one of the defendants because it had taken a chattel mortgage on the personal property and it was desired to give notice to it." It appears from the record that the defendant, Consumer Credit Corporation, filed no answer but did appear and submit itself to the jurisdiction of the court. The appellants as well as respondents consented to a careful submission of all the testimony relevant to the loan and the benefit therefrom taken by appellants and chargeable to them. The facts with respect to the giving of the chattel mortgage were thoroughly considered, including the consent to and receipt by the appellants of the $1,500 which was a part of the loan. The trial court, basing its decision upon sufficient and ample evidence found facts and made an order amending its previous conclusions of law and determined as follows:

"That the plaintiffs are entitled to an order granting their application for strict foreclosure of said contract on the condition that the defendants, Charles M. Patrow and Lorraine

G. Patrow, have a period of seventy (70) days after service of said order upon them or their attorney in which to pay all instalments of principal and interest in accordance with the terms of the contract to the date of such payment and to pay $137.20 taxes, paid by the plaintiffs, together with interest at four and one half per cent per annum thereon from February 28, 1951, and to pay the taxable costs in this action with $100 attorney's fees, and in the event of the failure to pay said sums within said time, that judgment of strict foreclosure be entered, terminating all right, title, and interest of said defendants in and to said property and relieving the plaintiffs from all further obligations under said contract and entitling them to possession of the property therein described, subject to the chattel mortgage to the defendant, Consumer Credit Corporation, to the extent of one thousand five hundred dollars ($1,500) received by them from the proceeds of said mortgage.

"Let an order of strict foreclosure be entered accordingly."

It is considered that, upon the showings made and the stipulations, the court acted within its jurisdiction in entering its interlocutory decree and the final judgment. *Haines v. Duffy,* 206 Wis. 193, 240 N. W. 152; *Daugherty v. Herte,* 249 Wis. 543, 25 N. W. (2d) 437.

*By the Court.*—Judgment affirmed.