SECURITY NATIONAL BANK OF DURAND, Plaintiff and Respondent, vs. PLYMOUTH CHEESE COMPANY, Defendant and Appellant: WM. H. HEINEMANN CREAMERIES, INC., Defendant and Respondent.

*January 6—February 4, 1958.*

For the appellant there were briefs by *John R. Frampton* of Chippewa Falls, and *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Mr. Frampton*.

For the respondent Wm. H. Heinemann Creameries, Inc., there was a brief and oral argument by *Morris Karon* of Milwaukee.

*Stafford, Pfiffner & Stafford* of Chippewa Falls, for the respondent Security National Bank of Durand.

FAIRCHILD, J.  Plymouth's concern is that if its garnishment be held wrongful it should not be held liable for more than the damage caused by its own act.  Appellant challenges any theory that Plymouth and Heinemann are jointly liable for all the damage caused by both garnishments.  We surmise that the Plymouth garnishment was concluded first and that damage for which it might be found directly responsible is believed to be less than half the total.  Heinemann does not claim that liability, if any, to the Bank rests jointly upon it and Plymouth, but asserts a right of contribution if the liability be determined to be joint.

The Bank's complaint suggests, by the form of the prayer for relief, that upon some theory, not readily apparent, Plym-

outh and Heinemann will be liable, jointly and severally, for the entire damage suffered by the Bank. But the sufficiency of the Bank's complaint as a predicate for joint liability is not before us on this appeal. If the Bank establishes several liability on the part of either, both, or neither of defendants, no question of contribution will arise. If joint liability be established a judgment of contribution will be in order.

Even where defendants do not file a cross complaint asking judgment for contribution, the court treats the pleadings as amended and grants such relief if the record shows the parties are entitled to it. *Haines v. Duffy* (1931), 206 Wis. 193, 199, 240 N. W. 152; *Zimmers v. St. Sebastian's Congregation* (1951), 258 Wis. 496, 504, 46 N. W. (2d) 820.

Heinemann's cross complaint sets forth, conditionally, the fact from which its right to judgment for contribution would arise: A determination of joint liability. It is true that the cross complaint sets forth no facts from which one could determine that the liability asserted by plaintiff is joint. That is unnecessary because the complaint shows that the plaintiff is claiming a common recovery against both defendants for alleged torts. Virtually all that is required in the cross complaint in this situation is a conditional demand for judgment of contribution, the judgment being further conditioned upon payment by one defendant of more than his equitable share of the joint liability. This is not the case of an action by a plaintiff against one tort-feasor who, in turn, causes interpleader of another party and must allege facts showing joint liability to the plaintiff in order to state a cause of action for contribution. *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, falls into the latter class. At page 232, that decision recognizes the contingent character of the cause of action for contribution.

*By the Court.*—Order affirmed.