WAGNER, by Guardian *ad litem*, and another, Respondents, v. DAYE, Defendant: INTERNATIONAL HARVESTER COMPANY, Appellant.*

*No. 379. Submitted under sec. (Rule) 251.54 March 6, 1975.—Decided April 10, 1975.*
(Also reported in 227 N. W. 2d 688.)

* Motion for rehearing denied, with costs, on August 12, 1975.

124

For the appellant the cause was submitted on the briefs of *Crowns, Merklein, Midthun & Metcalf* of Wisconsin Rapids.

For the plaintiffs-respondents the cause was submitted on the brief of *James J. Murphy* and *Habush, Gillick, Habush, Davis & Murphy,* all of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *Fulton, Menn & Nehs Ltd.,* attorneys, and *Glenn L. Sharratt* of counsel, all of Appleton.

CONNOR T. HANSEN, J. The issues raised by International Harvester relate solely to whether the judgment should be reversed and a new trial should be granted. Accordingly, we do not consider whether the dismissal of Daye operated as a bar to a subsequent suit for contribution, or whether it required dismissal of the case against International Harvester as well by analogy to the rule that the release of one joint tort-feasor is the release of all. We conclude that the trial court committed prejudicial error in dismissing Daye from the case over the objections of International Harvester and in refusing to submit a question on Daye's negligence to the jury. To correct this error, it is necessary to grant a new trial on the issue of liability.

In support of the judgment, it is argued that the plaintiff had the right to pick and choose his defendants, and the trial court's action only confirms this right. It is further argued that any claim International Harvester might have had for contribution has been waived because of its failure to cross-complain. These arguments must be rejected. The right to contribution is founded on the equitable principle that one should not pay more than his fair share of the joint liability. *State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co.* (1953), 264 Wis. 493, 59 N. W. 2d 425. In a tort action the liability of joint tort-feasors is fixed by the judgment against them. Logically, there should be no action for contribution until one party has in fact paid more than his share of the judgment. However, it was held in *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, that a cross complaint or a third-party action could be maintained upon the contingency that contribution might be available. Moreover, a cross complaint is not necessary where comparison of negligence on the theory of joint liability has been submitted to the jury. In such a case, the trial court can order con-

tribution on a motion by one codefendant after joint liability to the plaintiff is determined on the merits. *Security National Bank v. Plymouth Cheese Co.* (1958), 3 Wis. 2d 40, 87 N. W. 2d 780.

Since it was not necessary for International Harvester to file a cross complaint for contribution in order to preserve its right to have that question determined in the action, Daye should not have been dismissed as a party to the suit on the plaintiff's motion, and the question as to Daye's negligence should have been submitted to the jury. Sec. 270.27, Stats., requires a special verdict on all material issues. In *Pierringer v. Hoger* (1963), 21 Wis. 2d 182, 124 N. W. 2d 106, this court held that the statute entitles a nonsettling defendant as well as the plaintiff to have the negligence of the settling tortfeasor determined in the same action. In that case the settlement had the effect of a covenant not to sue, and relieved the nonsettling defendant of the negligence attributable to the settling tort-feasors. The same principle applies in this case. No cross complaint was necessary to raise the issue of contribution. Therefore, Daye should not have been dismissed as a defendant, and sec. 270.27 required submission of his negligence to the jury.

*By the Court.*—Judgment reversed and cause remanded for a new trial restricted to the issue of liability.